PERSHING v. DETROIT, GRAND HAVEN & MILWAUKEE RAILWAY CO.

RAILROADS — DEATH — CROSSING ACCIDENT — CONTRIBUTORY NEGLIGENCE—DIRECTED VERDICT.

In an action against a railroad company for injuries resulting in the death of plaintiff's decedent, caused by a collision at a highway crossing between an automobile which deceased was driving and defendant's locomotive, evidence that, had deceased looked when he had an unobstructed view, 45 feet from the track, he could have seen the locomotive, which was only 225 feet away, and applied his brakes in time to prevent the accident, *held*, to justify a directed verdict for defendant.

On care required of driver of an automobile at railroad crossings, see notes in 21 L. R. A. (N. S.) 794; 29 L. R. A. (N. S.) 924, and 46 L. R. A. (N. S.) 702.

Error to Clinton; Brown (W. B.), J., presiding. Submitted April 17, 1919. (Docket No. 68.) Decided May 29, 1919.

Case by Linda M. Pershing, administratrix of the estate of Girard B. Pershing, deceased, against the Detroit, Grand Haven & Milwaukee Railway Company for the alleged negligent killing of plaintiff's decedent. Judgment for defendant on a directed verdict. Plaintiff brings error. Affirmed.

*William M. Smith* and *George G. Hunter,* for appellant.

*Harrison Geer* (*W. K. Williams,* of counsel), for appellee.

BIRD, C. J.    Defendant's line of railway extends from east to west through the village of Ovid and intersects Gratiot street at right angles. On Sunday, June 14, 1914, while plaintiff's intestate, Girard B. Pershing, was driving north on Gratiot street, his Ford automobile came in contact with one of defendant's locomotives, with the result that he was thrown therefrom and so badly injured that he died within a few hours. His widow, as administratrix, brought this suit to recover damages, and at the trial relied chiefly upon the ground of negligence, that defendant was operating its train at an excessive and unlawful rate of speed and at a rate of speed in excess of eight miles per hour, the speed prescribed by the village ordinance.

At the trial, after plaintiff had placed before the jury her case, the trial court, upon motion, directed a verdict for defendant for the reason that neither of the grounds alleged by plaintiff was the proximate cause of the collision. In this connection the trial court stated:

"It seems to the court that the proximate cause of this injury, the reason why he was injured, was the fact that he drove up so near the track and stopped and remained there, just the same as though he had walked up in the same place and stood within 2 feet of the track, he would have been hit. He drove up within two feet and a half of the track and his automobile is hit, he stands there and he is thrown out and becomes injured and because of the injury he dies. So it would seem that the proximate cause of the injury would be the fact that he stopped in a place of danger and remained there."

Plaintiff is here urging that the trial court was in error in controlling the verdict, that defendant's and plaintiff's negligence were questions of fact for the jury.

The testimony discloses that the station is located on the south side of the track, 267 feet east of the Gratiot street crossing. As plaintiff approached the crossing from the south his view of the track to the east was more or less obstructed, by the station house and other obstructions, until he reached a point 45 feet south of the track. At this point he could see the track for 500 feet and upwards. Edward Beebe, who saw the accident, testified that when Pershing reached the 45-foot point, where he could see the track east of the station, he was running 8 or 10 miles an hour; that he looked to the west and afterwards to the east and at once applied his brake; that the automobile stopped very close to the south rail. At that moment the locomotive was within 30 feet of him and coming toward him at a rate of from 25 to 40 miles an hour.

Had plaintiff's intestate stopped, looked or listened when nearing the track, the accident would doubtless have been averted. Had he glanced to the east and applied his brake at any point 15 feet from the track, the collision could have been avoided, as a Ford dealer

testified that the Ford in question was 11 feet long, its brakes in good condition, and could have been stopped in its length, and easily, within 15 feet, running at a speed of between 8 and 10 miles an hour. It is conceded that Pershing did not stop until he reached the track and it is obvious that he did not look as soon as he could have seen, because if he had, and applied his brake, he would have stopped in a place of safety.

But counsel argue that Pershing had a right to expect that the train was being operated in obedience to the ordinance, and if it had been so operated the accident would not have occurred. This may be so, but even if we concede that defendant was guilty of negligence, before plaintiff can recover, she must show that her intestate used reasonable care under all the circumstances to protect himself from injury. If he could have avoided injury by stopping, by listening, or by glancing to the east as soon as the obstructions would permit, and he failed to observe these duties, he did not use the care which an ordinarily prudent man does on such occasions.

Much reliance is placed by plaintiff upon the cases of *Moran* v. *Railway*, 124 Mich. 582, and *Beck* v. *Railroad Co.*, 156 Mich. 256. In the *Beck Case* the plaintiff's view was obstructed by box cars on the siding near the crossing. Before attempting to cross he stopped, looked, and listened.

In the *Moran Case* the plaintiff observed the track for 40 rods and saw no car. In the present case had the plaintiff looked when at the 45-foot point he would have seen the train, because, under the facts as contended for by plaintiff, the train was only five times as far from the crossing as plaintiff's intestate was. That would bring the locomotive only 225 feet away from the crossing. Both of the cases cited are easily distinguishable from the present one, not only as to

the surrounding circumstances but as to the conduct of the plaintiffs. The present case has more resemblance to the case of *Strong* v. *Railway*, 156 Mich. 66, and cases there cited.

We are unable to agree with the trial court that plaintiff was guilty of contributory negligence because "he drove up so near the track and stopped and remained there" until struck. The evidence shows that plaintiff stopped his car as soon as he could after he decided to stop and it is evident that after the car stopped he did not have time to back away from the track before being struck. Plaintiff's negligence was anterior to those acts and lay in his failure to observe the precautions while in a place of safety which are ordinarily observed by one approaching a railway track. We agree, however, that the trial court reached the right conclusion.

The judgment must be affirmed.

MOORE, STEERE, BROOKE, FELLOWS, STONE, and KUHN, JJ., concurred with BIRD, C. J. OSTRANDER, J., concurred in the result.