LANIER *v.* MINNEAPOLIS, ST. PAUL & SAULT STE. MARIE
RAILWAY CO. .

1. RAILROADS—CROSSING ACCIDENT—WARNINGS—RIGHT TO RELY
UPON.
  In an action for personal injuries caused by a collision be-
  tween plaintiff's automobile and defendant's locomotive
  upon a public crossing, plaintiff had a right to expect that
  the usual warnings would be given if a train was ap-
  proaching the crossing.

2. SAME—CONTRIBUTORY NEGLIGENCE—WANT OF ORDINARY CARE.
  But plaintiff's reliance upon this custom being complied
  with would not relieve him from the charge of contribu-
  tory negligence, if, independent of this reliance, he had an
  opportunity to protect himself by the exercise of reason-
  able care, and failed to do so.

3. SAME—NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—DIRECTED VER-
DICT.
  Where plaintiff had an unobstructed view of the track
  while traveling 114 feet, his failure to slow down so that
  he would have time to look both ways and avoid the ac-
  cident, *held*, contributory negligence precluding recovery
  notwithstanding defendant's negligence in failing to give
  the customary crossing warnings.

4. SAME—APPEAL AND ERROR—GROSS NEGLIGENCE.
  The question of gross negligence, not being argued in plain-
  tiff's briefs, will not be considered by the Supreme Court.

5. NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—COMPARATIVE NEGLI-
GENCE—RULE.
  The rule that, however much defendant was negligent if
  slight negligence upon plaintiff's part contributed to his
  injury he cannot recover, is followed by the courts of
  this State; the rule of comparative negligence not prevail-
  ing.

Error to Schoolcraft; Collingwood (Charles B.), J.,

On failure of railroad company to give customary signals as
excusing nonperformance of traveler to look and listen before
crossing track, see note in 3 L. R. A. (N. S.) 391.

On care required of driver of automobile at railroad crossing,
see notes in 21 L. R. A. (N. S.) 794; 29 L. R. A. (N. S.) 924;
46 L. R. A. (N. S.) 702.

presiding. Submitted January 20, 1920. (Docket No. 3.)    Decided February 27, 1920.

Case by John W. Lanier against the Minneapolis, St. Paul & Sault Ste. Marie Railway Company for personal injuries and damage to plaintiff's automobile by collision. Judgment for defendant on a directed verdict. Plaintiff brings error. Affirmed.

*Larmonth & Goetz,* for appellant.

*C. W. Dunton* and *W. A. Hayes,* for appellee.

BIRD, J.    This is a personal injury case in which the trial court directed a verdict for defendant on the ground that plaintiff was guilty of contributory negligence. Whether the trial court was right in disposing of the case on this ground is the sole question presented to us for consideration.

On the morning of October 11, 1917, plaintiff, accompanied by his daughter, left the Hotel Hiawatha, in the city of Manistique, and drove his car south one block and turned west on Deer street. About 1,500 feet west of the turn he crossed what is known as the transfer track, a track which connects the Soo Line railway with the Manistique & Lake Superior railway. Upon both sides of the street on the transfer track stood several freight cars. From this track to the Soo main line it was 114 feet. Plaintiff passed over the transfer track at a speed of from 12 to 15 miles an hour. After he passed the cars he looked to the west but saw nothing approaching. He then looked to the east and just as he did so his daughter screamed, and he saw a locomotive tender within 12 or 15 feet of them. It struck the automobile nearly in the center and shoved it 180 feet down the track before the locomotive came to a stop. As a result of the accident plaintiff was injured in his left leg and hip,

and his automobile destroyed, and he brought this suit to recover compensation, alleging as grounds for recovery that the locomotive was being backed over the crossing without any lookout thereon and without giving any warning of its approach.

It is argued, in support of the court's ruling, that after, plaintiff passed the cars he had an unobstructed view of the Soo main line, that he ought to have seen the approaching locomotive, and his failure to see it made him guilty of contributory negligence and bars his right of recovery. Plaintiff replies that he did look but that he could not look both ways at once; that he looked to the west and saw nothing, that he then looked to the east but before he could act upon what he discovered the tender was so close to him he could do nothing to avoid the collision, and it is pointed out that in traveling the 114 feet of clear vision at the rate of 15 miles an hour he would cover the distance in less than five seconds, thereby showing the brief time in which he had to make observations in both directions. It is also argued that had the customary warning been given at the usual distance from the crossing, his attention would have been attracted to the locomotive, and the danger averted.

We fully agree with the trial court that the proofs upon the question of defendant's negligence presented a case for the jury. We also agree that one approaching a railroad crossing has a right to expect the usual warnings will be given if a train is approaching (*Morgan* v. *Railroad Co.*, 162 Mich. 573), but we do not think that plaintiff's reliance upon this custom being complied with will relieve him from the charge of contributory negligence, if, independent of this reliance, he had an opportunity to protect himself by the exercise of reasonable care. It is true, plaintiff had a very brief time at the rate he was running after passing the transfer track to make observations in

both directions, and we are not going to hold, as a matter of law, that his failure in this respect made him guilty of contributory negligence, but we must hold, under the rules we have heretofore laid down, that he was guilty of contributory negligence, as a matter of law, in not slowing down his car, so that he would have time, after passing over the transfer track, to make observations in both directions while he was in a place of safety. Plaintiff had been over this crossing two or three times a week for two years, and knew the conditions thereabouts and, therefore, must have known and appreciated the distance between the transfer track and the main line, and the time it would take to cover the distance.

The case of *Rouse* v. *Blair*, 185 Mich. 632, is much relied upon by plaintiff's counsel to support their contention. In that case the standing cars which helped to obstruct the plaintiff's view were very close to the track upon which the train was moving, and beside there were several buildings which helped to cut off his view as he approached the track. In the present case the whole situation came into full view as soon as plaintiff drove over the transfer track. In this respect, the facts of the present case more nearly resemble those in *Pershing* v. *Railway Co.*, 206 Mich. 304.

It appears to be charged in the declaration that defendant was guilty of gross negligence. The trial court, in directing a verdict, held defendant was guilty of negligence but made no mention of the claim of gross negligence. As the question is not argued in plaintiff's brief, we do not consider it.

It may not be the better rule to say that however much the defendant was negligent the plaintiff cannot recover, if slight negligence upon his part contributed to his injuries. But this rule will doubtless

be followed by this court until the legislature changes the rule to one of comparative negligence, leaving it to the jury to measure the degree of fault with which each party shall be charged. We are of the opinion that the trial court took the proper view of the case.

The judgment will be affirmed.

MOORE, C. J., and STEERE, BROOKE, FELLOWS, STONE, CLARK, and SHARPE, JJ., concurred.