### GROVES *v.* GRAND TRUNK WESTERN RAILWAY CO.

1. RAILROADS — NEGLIGENCE — CROSSING ACCIDENT — CONTRIBUTORY NEGLIGENCE—DIRECTED VERDICT.

In an action for damages to plaintiff's automobile, caused by a collision on a highway crossing with a motor car used by defendant's section men, where plaintiff, on a clear, bright day, drove a distance of 50 feet at a rate not faster than 5 miles an hour, when he could have stopped in 6 or 8 feet, and failed to see the motor car coming from the north, although he had an unobstructed view of the track for more than half a mile in that direction, he was guilty of contributory negligence precluding recovery.

2. SAME—DUTY TO LOOK AND LISTEN.

It was plaintiff's duty to look just before entering the danger zone, and the fact that the view to the south was obstructed by a curve in the track was not a sufficient reason for his failure to again look to the north just before going upon the track.

On duty of driver of automobile at railroad crossings generally, see notes in 21 L. R. A. (N. S.) 794; 29 L. R. A. (N. S.) 924 and 46 L. R. A. (N. S.) 702.

3. APPEAL AND ERROR—QUESTION NOT RAISED IN COURT BELOW—
   DISCOVERED NEGLIGENCE.
      The question of subsequent or discovered negligence, not
      having been raised in the court below, cannot be consid-
      ered in this court.

4. RAILROADS—OWNER NOT LIABLE FOR NEGLIGENT ACTS OF AGENTS
   OF DIRECTOR GENERAL.
      The cause of action having arisen when defendant's prop-
      erty was being operated by the director general of rail-
      roads, defendant railroad company cannot be held liable,
      and the case as to it must be dismissed, with leave to
      amend within 30 days.

Error to Cass; Des Voignes (L. Burget), J. Sub-
mitted April 20, 1920. (Docket No. 106.) Decided
June 7, 1920.

Case by George Groves against the Grand Trunk
Western Railway Company for damages to plaintiff's
automobile. Judgment for plaintiff. Defendant brings
error. Reversed.

*C. M. Lyle* (*W. K. Williams*, of counsel), for ap-
pellant.

*Charles O. Harmon* and *Thomas J. Cavanaugh*, for
appellee.

Leading into Edwardsburg, Cass county, is a high-
way called "Cassopolis road." It runs in a northeast-
erly and southwesterly direction and crosses the dou-
ble tracks of defendant near the village. Defendant's
tracks here run nearly but not due north and south.
The crossing is an unobstructed one and travelers on
the highway going to Edwardsburg have for several
hundred feet from the crossing an unobstructed view
of defendant's track to the north for at least half or
three-quarters of a mile. South of this crossing the
railroad has a curve so that the view is not so extend-

ed. Coming towards Edwardsburg the highway is up-grade for about 20 rods.

Plaintiff lives at Cassopolis where he operates a team and auto livery. He has been familiar with this crossing for 30 years. On December 19, 1918, he was driving into Edwardsburg on the Cassopolis road in a Ford car with "a closed, glass, winter top on it." It was a bright clear day and the sun was shining. When about 30 rods from the crossing, plaintiff looked to the right and saw no train coming. When two or three rods back from the tracks he says he stopped or halted and looked again. From this point on he proceeded without again looking to the right. He testifies that at the rate he was then going, "not faster than five miles an hour," he could have stopped his car in six or eight feet.

Upon the second track plaintiff's machine collided with a motor car used by defendant's section hands and which came from the north on that track. He suffered no personal injuries but the machine was damaged and he expended $20.85 in its repair. He claims the automobile was damaged beyond the costs of such repairs and recovered a judgment for $100 in both the justice's and circuit courts.

FELLOWS, J. (*after stating the facts*). Should the court have directed a verdict for the defendant on the ground of plaintiff's contributory negligence? We think this question must be answered in the affirmative. If plaintiff looked to the right when 2 rods back from the first track and about 50 feet back from the point of collision, he must have looked indifferently, carelessly, as the motor car was then coming from the north. The section hands testify that they "hollered" to him and this is corroborated by one of plaintiff's witnesses who heard them "screaming" 20 rods away. Plaintiff testifies that he did not hear them. But lay-

ing this aside, for a distance of about 50 feet plaintiff drove his machine at not faster than 5 miles an hour, and could have stopped it in 6 or 8 feet, on a bright clear day with an unobstructed view, onto a railroad crossing, without once glancing to the right. The case is not like those cases where the traveler is put in a position of peril through the negligence of the defendant and must choose between two courses; nor is it like those cases where the traveler looks and sees the car coming and prudently estimates that he can safely cross; nor is it a case of an obstructed crossing. In the case of *Gillett* v. *Traction Co.*, 205 Mich. 410, Mr. Justice KUHN quite fully reviewed the authorities, and, speaking for the unanimous court, said:

"It was his duty, under the circumstances, not only to look, but to look just before entering the danger zone, so as to make sure that it was safe to cross the track."

And in *Colborne* v. *Railway*, 177 Mich. 139, Chief Justice STEERE, speaking for the court, said:

"He could and should have made sure of the safety of proceeding, by looking just before entering upon the track, and at such a point that he could stop his machine if necessary in order to avoid a collision. This rule should be as strictly applied to an automobile as to a pedestrian, and the reasons for its application are more impelling."

See, also, *Manos* v. *Railway*, 168 Mich. 155; *Matta* v. *Railway Co.*, 69 Mich. 109; *Kwiotkowski* v. *Railway Co.*, 70 Mich. 549; *Miller* v. *Railway*, 200 Mich. 388; *Strong* v. *Railway Co.*, 156 Mich. 66; *Pershing* v. *Railway Co.*, 206 Mich. 304; *Hardy* v. *Railway Co.*, 208 Mich. 622.

But it is said that there was a curve in the track at the left so as to obstruct plaintiff's vision and he was looking in that direction. In *Otto* v. *Railroad Co.*, 189

Mich. 463, it was said by this court, speaking through Mr. Justice Person:

"The fact that the view to the south was obscured was not a sufficient reason for his failure to cast his eyes again to the north before going upon the track."

The case was not disposed of in the court below upon the theory of discovered or subsequent negligence. So far as this record discloses no claim was there made of subsequent or discovered negligence or gross negligence. We therefore cannot consider the question.

At the time of the accident the defendant was under Federal control. Its property was being operated by the director general of railroads for the government. In *Peacock* v. *Railway Co.*, 208 Mich. 403, we fully considered this situation and there held that the company was not liable for the negligent acts of the agents of the director general of railroads and dismissed the case as to the railway company. But as the trial there had been conducted without error except as to this question we permitted an amendment substituting the director general of railroads as defendant. In the instant case the judgment must be reversed for the error pointed out. The railway company must also be dismissed. If the plaintiff desires to amend he may make such application to the trial court within 30 days, otherwise the reversal will be without a new trial.

Reversed and remanded for proceedings not inconsistent herewith. Defendant will recover costs of all courts.

Moore, C. J., and Steere, Brooke, Stone, Clark, Bird, and Sharpe, JJ., concurred.