# JUNE TERM, 1922.*

---

## HUTTON v. MICHIGAN RAILWAY CO.

1. APPEAL AND ERROR—SUBSTANCE OF REQUESTED INSTRUCTIONS SUFFICIENT.

   Where the substance of such requested instructions as plaintiff was entitled to was given by the trial judge in his charge, it was not reversible error for him to decline to give same in the language of the requests.

2. NEGLIGENCE — VIOLATION OF AN ORDINANCE NOT NEGLIGENCE PER SE.

   The violation of an ordinance regulating the speed of automobiles or street cars is not negligence *per se*, but may be considered by the jury on the question of negligence.

3. SAME—CONTRIBUTORY NEGLIGENCE DEFEATS RECOVERY ALTHOUGH NOT SOLE PROXIMATE CAUSE.

   If plaintiff in driving her automobile in front of defendant's approaching electric car at a street intersection was guilty of negligence contributing to the proximate cause of the injury, that would defeat her right of recovery therefor, although it was not the sole and proximate cause thereof.

4. SAME—CONTRIBUTORY NEGLIGENCE—INSTRUCTIONS.

   The trial judge properly instructed the jury that an automobile driver who, when 37½ feet from the rail of a car track, saw a heavy interurban car 100 feet away, and who, without attempting to ascertain its speed and without again looking at the car, drove onto the car track and received injuries, was guilty of contributory negligence.

---

Attempting to cross in front of an observed street car as contributory negligence is discussed in a note in L. R. A. 1917C, 692.

On the question of evidence as to speed of street cars see note in 34 L. R. A. (N. S.) 784.

For authorities passing on the question of operation of street car at speed in excess of that prescribed by ordinance as negligence or evidence of negligence see note in 8 L. R. A. (N. S.) 1093.

*Continued from Vol. 219.

5. SAME—CONTRIBUTORY NEGLIGENCE.

> An honest belief by one attempting to cross a street car track in front of an approaching car that he has time to cross in safety will' not free him from negligence, but the question is as to the reasonableness of the attempt to cross under all the circumstances.

Error to Bay; Houghton (Samuel G.), J.    Submitted April 4, 1922.    (Docket No. 4.)    Decided October 2, 1922.

Case by Sophie Hutton against the Michigan Railway Company for personal injuries.    Judgment for defendant.    Plaintiff brings error.    Affirmed.

*David B. Lichtig* (*Miles J. Purcell,* of counsel), for appellant.

*Lewis J. Weadock,* for appellee.

FELLOWS, C. J.    This is a personal injury case in which the jury found a verdict for the defendant.    The plaintiff brings the case here assigning error on the refusal of the court to give certain requests, and upon portions of the charge as given.    Defendant runs its interurban cars in the city of Bay City on Columbus avenue, an east and west thoroughfare.    From curb to curb Columbus avenue is 42 feet wide.    From each curb to the line of the street is 19 feet.    The street car line is in the center of the street and is of standard gauge.    Jackson street runs north and south and crosses Columbus avenue at practically right angles. Plaintiff resided on Jackson street north of Columbus avenue and was perfectly familiar with the crossing. She had been instructed in driving an automobile and was a skillful driver.    On the afternoon of April 21, 1917, plaintiff took · four ladies for a pleasure ride in her husband's machine.    They drove about the city.    It was a bright day and there was no ice or dampness upon the street.    The car was a new one and in perfect working order.    About half-past 2 o'clock she drove down Jackson street to where it

intersects Columbus avenue. She was driving from 11 to 12 miles an hour, and testifies that she slowed down as she approached the avenue but did not apply the brakes and shut off the gas. When she reached the "corner" she looked to the west and saw an interurban car of defendant coming. She claims it was opposite the church, a distance of approximately 200 feet. She did not observe it sufficiently to form an estimate of the speed at which it was traveling, but proceeded to cross the track. She does not claim to have again looked at the approaching car, and, in answer to a direct question whether she did or not, says she does not remember. There was no other traffic on the street at this time. Plaintiff attempted to cross the track and turn east on Columbus; she testifies that she thought she could do so with safety. The automobile was struck about the middle of it and plaintiff received injuries. Bay City has an ordinance limiting the rate of speed of street cars to 12 miles an hour and making other regulations. It also has an ordinance limiting the rate of speed of automobiles at street intersections to one-half the statutory rate and making other regulations. Both ordinances were received in evidence. There was much conflict in the testimony as to the rate of speed of the interurban and the automobile; that concerning the interurban varying from 8 to 10 miles an hour to as high as 30 miles an hour; that concerning the automobile varying from 5 to 15 or 20 miles an hour. The testimony of the distance the interurban was from the crossing when plaintiff reached the corner was also much in dispute, varying from 75 feet to upwards of 275 feet. There was also conflict in the evidence as to the giving of signals by the interurban.

In the charge of the court there was given either in the language or in substance such of plaintiff's requests as she was entitled to. We have so many

times held that it is not reversible error for the trial judge to decline to employ the language of counsel's requests if in his general charge he gives the substance of them, that a citation of authorities is unnecessary.   The court properly instructed the jury that the violation of an ordinance is not negligence *per se*, but may be considered by the jury on the question of negligence.   This rule is applicable as well to the ordinance regulating the speed of automobiles as to the one regulating the speed of street cars.   We do not perceive that undue prominence was given either ordinance.

We can not accede to the contention of plaintiff's counsel that to defeat her right of recovery her negligence must have been the proximate cause of the injury.   If her negligence was a contributing cause, contributing to the proximate cause, then her negligence was contributory negligence and it need not have been the sole and proximate cause of the accident.

The meritorious and serious question in the case grows out of the following excerpt from the charge of the court:

"There is considerable conflict in the testimony as to just where this car was located.   Some of the witnesses, some of the plaintiff's witnesses put the car only about 100 feet away in front of the parsonage or near the alley, which was 100 feet away.   Now, if you find that to be the fact, that the car was only 100 feet away when the plaintiff approached the intersection where she could see it, then if she attempted to cross the street I charge you as a matter of law that she is guilty of negligence, because she would not be justified in attempting to cross the street if the street car was not any farther back than the alley or 100 feet."

Just before giving this instruction the trial judge had in effect charged the jury that if the car was back 200 feet (the place plaintiff claimed it was), when she first saw it, she was not guilty of con-

tributory negligence. The fixing of either of these specific distances in a charge may be of doubtful propriety but we are here concerned with whether this instruction constituted reversible error under the facts of this case. Let us recur to the facts and clarify them before taking up a discussion of the legal questions. Plaintiff's testimony is that she looked west on Columbus avenue when she reached the "corner" and saw the car coming. Plaintiff's brief assumes that the "corner" was the corner of the curbing 18½ feet north of the north rail and not the corner of the street. While our conclusion might be the same if this were correct, we do not think the record bears out this claim. There was on the northwest corner of Columbus avenue and Jackson a store building. Plaintiff in her examination in chief testifies:

"*Q.* How far out into Columbus avenue did you drive before you could see that car?
"*A.* Well, I just got as far as the corner to look around, far enough to look around."

If plaintiff was at the corner "far enough to look around," it is manifest that she had reference to the street corner instead of the corner of the curb. While the surveyor locates some trees and telephone poles in Columbus avenue, plaintiff does not claim that they interfered with her vision in the slightest degree. So that upon the record before us when plaintiff had reached the point where she could "look around the corner" she was more than 18½ feet north of the north rail; indeed she was 18½ feet plus the distance the curb line was from the street line, 19 feet, or a distance of 37½ feet. The track was a little over 4½ feet wide. To reach a place of safety she would have to drive 42 feet in addition to the overhang of the car. Was the trial judge correct in holding and in charging the jury that an automobile driver was guilty of contributory negligence who, when 37½ feet from

the rail of a car track, saw a heavy interurban car 100 feet away, and who without attempting to ascertain its speed and without again looking at the car drove onto the car track and received injuries? We think that under the authorities in this State the question must be answered in the affirmative. Both parties cite and rely upon *Westover* v. *Railway Co.*, 180 Mich. 373. That case is applicable, we think, to the case before us and sustains the charge of the court. In that case, as in this, the jury rendered a verdict for the defendant and the case was brought here under assignments of error assailing the charge of the court. In that case, like this one, the driver of the automobile saw the oncoming car and thought he could get across. There the car was seen 200 feet away, as plaintiff claims here. The distance to be traveled to cross the track and reach a place of safety in that case was less than in the instant case. It was there said by Mr. Justice BIRD, speaking for the entire bench:

"One portion of the charge complained of is as follows:

" '(1) If you find that Horrigan was inattentive to the rate of speed at which the car was coming, that would be negligence on his part, as it was his duty under the circumstances to have noticed the speed at which the car was coming, as far as he could do so. *It was Mr. Horrigan's duty to observe the speed of the car from the time he first saw it and up to the time he went onto the track. Merely looking at the car once at a distance was not enough; he should have continued to observe the speed until he got to the track, and if he failed to do this, the plaintiff cannot recover.*'

"That portion of the charge which appears in italics is attacked on the ground that it instructed the jury that the driver of the automobile was guilty of negligence if he did not continue to observe the street car from the time he first saw it until he went onto the track. The driver testified that, when within 5 or 6 feet of the east line of Grandville avenue, he first

saw the approaching headlight. He thought the car was then 200 feet away. He had to travel 6 feet to Grandville avenue and upwards of 24 feet beyond that to a place of safety. If, when he had gone half that distance, another observation had convinced him that it was dangerous to cross ahead of the car, it would have been his duty to stop. We think it can be said as a matter of law that, when an ordinarily prudent person is about to cross a highway, whether on foot (*Zoltovski* v. *Gzella,* 159 Mich. 620 [26 L. R. A. (N. S.) 435, 134 Am. St. Rep. 752]), on a bicycle (*Measel* v. *Railway,* 166 Mich. 688), or in a carriage or automobile, and he observes an approaching street car or any other vehicle which may obstruct his passage, he is watchful of it or them until he has passed the danger point and reaches a place of safety. As to whether he has done so in any given case is usually a question of fact to be determined from all the circumstances by a jury. But counsel argue that the rule laid down by the court is too strict, in that it placed the duty upon the driver to look continually at the car after he first saw it until the danger of collision was passed. A fair construction of the language means that it was the duty of the driver to continue his observation sufficiently after he first saw it to enable him to verify the safety of his decision, or to revise it if necessary to avoid a collision. This is a reasonable construction of the language used by the court, and is a reasonable requirement, and one usually followed by ordinarily prudent people when crossing the highway."

In *Colborne* v. *Railway,* 177 Mich. 139, it was said by Mr. Justice STEERE, speaking for the court:

"Before passing into the line of danger from his place of safety, where he had ample opportunity to observe without obstruction, it was his duty to assure and reassure himself 'that there is not a car directly upon him, of which situation the fact that he is struck is conclusive proof.' "

In *Gillett* v. *Traction Co.,* 205 Mich. 410, it was said by Mr. Justice KUHN, speaking for the court:

"It was his duty, under the circumstances, not only to look, but to look just before entering the danger zone, so as to make sure that it was safe to cross the track.    It is clear that if at this point he had looked, he would have realized the danger from the approaching car, which, under the testimony in this record, was then not to exceed 80 feet distant, and he would undoubtedly have made some effort to avoid the collision.    The other alternative is that he did look, but carelessly and without any regard for his own safety drove upon the track.    The inevitable conclusion to which all unprejudiced minds must come is that in either event plaintiff was clearly guilty of contributory negligence under the peculiar facts in this case, and that the trial judge was fully justified, and acted properly, in directing a verdict for the defendant."

See, also, *Geeck* v. *Luckenbill*, 215 Mich. 288; *Miller* v. *Railway*, 200 Mich. 388; *Borschall* v. *Railway*, 115 Mich. 473; *Gibbs* v. *Dayton*, 166 Mich. 263; *Lanier* v. *Railway Co.*, 209 Mich. 302; *Groves* v. *Railway Co.*, 210 Mich. 409; *Pershing* v. *Railway Co.*, 206 Mich. 304; *Hardy* v. *Railway Co.*, 208 Mich. 622.

It is insisted that plaintiff honestly believed she could get across the track to a place of safety and that this should excuse contributory negligence.    Few people attempt to cross railroad tracks unless they honestly believe they will be able to reach a place of safety.    It was said by Mr. Justice HOOKER, speaking for the court in, *Manos* v. *Railway*, 168 Mich. 155:

"We have never held that one may safely rely upon his belief that he has time to cross, or that he may prudently take a chance, and it is only when, after satisfying himself by looking and ascertaining where the car is, he may in the exercise of common prudence reasonably think that he can proceed with safety, that a court or jury may find an absence of negligence. We have held this to be the rule repeatedly, and the learned circuit judge understood the cases and applied the right rule.  To say that there is no negligence where one believes he can cross in safety, would send every

case to the jury, for we must presume that no one attempts to cross, doubting the safety of the attempt. But many are careless and absent-minded, and the question must turn on the reasonableness of the attempt to cross."

Plaintiff was not called upon to act in an emergency. She was at a safe distance from the track, was driving for pleasure, could easily and with safety have turned west on Columbus avenue, or in an emergency could have turned east as there was no traffic coming from that direction. A jury has found that she was not entitled to recover. We have discussed fully the meritorious assignment of error relative to the charge. The charge was quite full and in it the rights of the plaintiff were carefully guarded and the correct rules of the law of negligence and contributory negligence were given to the jury. All of the assignments of error have been considered, and, finding no reversible error, the judgment will be affirmed.

WIEST, MCDONALD, CLARK, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.