ZOLTOVSKI v. GZELLA.

1. NEGLIGENCE—AUTOMOBILES— MOTOR VEHICLES — EVIDENCE OF EXCESSIVE SPEED.

That an automobile was exceeding the speed limit or was running at an excessive rate is not shown by testimony that it was running a good deal faster than a horse trots, and went pretty fast.

2. SAME—LIGHTS—STATUTES.

Absence of lights on an automobile in violation of Act No. 196, Pub. Acts 1905, as amended by Act No. 304, Pub. Acts 1907, constitutes negligence.

3. Same—Contributory Negligence—Infants—Pedestrians.

   A child of 13 years who runs across a public street without looking for any vehicle which might be coming, is guilty of contributory negligence precluding recovery for injuries received by being run down by an automobile.

Error to Wayne; Mandell, J. Submitted December 15, 1909. (Docket No. 46.) Decided February 3, 1910.

Case by Paul Zoltovski, by next friend, against Francis Gzella for personal injuries. A judgment for defendant on a verdict directed by the court is reviewed by plaintiff on writ of error. Affirmed.

*Sloman & Sloman*, for appellant.

*Brennan, Donnelly & Van De Mark*, for appellee.

Hooker, J. The plaintiff is a boy 13 years old. He was playing tag in a public street, and, having tagged a companion, started to run across the street pursued by the older boy. As he crossed, he ran into or was struck by an automobile driven by the defendant. There was testimony tending to show that the car struck him. If so, it is clearly demonstrable that he ran directly in front of the car, and was struck, while his companion saw the car, and stopped before getting in the way of danger. The accident happened about 30 feet from the intersection of two streets, at a place well lighted by an arc and other lights. There is evidence tending to show that there were no lights on the machine. After the boy was struck, the machine ran but little more than its length. Only one witness, a woman, testified to the speed of the machine. She said it ran "a good deal faster than a horse trots. It went pretty fast." The negligence claimed is (1) excessive speed; (2) absence of lights on the car. The learned circuit judge held that the testimony would not justify the finding of excessive speed, either as exceeding the statutory limit or as unreasonable, and that the absence of lights on the machine did not contribute to the injury,

because the boy did not look toward the automobile. He also found that the plaintiff was guilty of contributory negligence, in that he ran immediately in front of the machine, and he directed a verdict for the defendant, and plaintiff has appealed.

We are of the opinion that excessive speed was not proved; *i. e.,* that it does not appear that the statutory limit was exceeded, nor is there testimony which shows an unreasonable speed. We think, however, that proof of an absence of lights on the car was testimony tending to prove negligence under our decisions, in view of the statutory requirements.

The evidence indicates that the boy was careless in not seeing the car. If, as the learned circuit judge said in his charge, the boy testified in answer to a question that was asked him that he did not look but was intent on his play, it would establish his contributory negligence. This proof is not to be found in the record, but it does not appear that all of the testimony is in the record, and we must take the statement of the circuit judge as true. But aside from that, all of the testimony shows that the plaintiff carelessly ran immediately in front of the machine. The boy who was chasing said:

"I did not see the automobile only just as it struck Paul. That is all I can say. I know that I had been standing on the side of the street, and all at once Paul tagged me and scooted across the street as fast as he could because I was after him, and I intended to catch him. I wanted to make him 'It.'

"*Q.* And just the instant he got out in the road the automobile was there, too?

"*A.* Yes, sir.

"*Q.* It stopped instantly?

"*A.* Yes, sir.

"*Q.* It didn't run three feet?

"*A.* No; it didn't run nothing at all. As soon as it run over him, he stopped."

The boy and the machine reached the same point in the highway at the same instant. Neither boy saw the ma-

chine, but the one behind the plaintiff had his attention
called to it by its striking the plaintiff, who was just far
enough in advance of him to get hit.

The only question is one of law.   Was it contributory
negligence in a 13 year old boy to become so engrossed in
play as to run across a city street and immediately in front
of an approaching automobile without thought to look to
see whether such a machine or any other vehicle was ap-
proaching ?   In *Henderson* v. *Railway*, 116 Mich. 368
(74 N. W. 525), an eight year old boy ran into the front
end of a street car.   In that case his view was more or
less obstructed by a coal wagon or another car going in a
direction opposite to that of the car that he ran into, and
which wagon or car he ran behind in his approach to the
track.   Mr. Justice MONTGOMERY said:

"It was but common prudence in crossing such a
thoroughfare to look, not only for the car, but for any
vehicle which might be coming.   Injury would have
occurred from collison with an ordinary wagon just as
surely as from running into this car, and from the testi-
mony of the lad himself he had intelligence enough at the
time to know this.   Why, then, should it be left for the
jury to say that he had not ?"

See, also, *Ecliff* v. *Railway Co.*, 64 Mich. 203 (31 N.
W. 180).

While the injury to this child necessarily arouses the
sympathy of all observers, it does not warrant the imposi-
tion of damages upon one who is not shown to have been
blamable in the premises.   A verdict in this case would
be, as the judge well said, a bestowal by the jury of
"charity from another man's pocket."

The judgment is affirmed.

MONTGOMERY, C. J., and OSTRANDER, MOORE, and
McALVAY, JJ., concurred.