MEASEL *v.* DETROIT UNITED RAILWAY.

STREET RAILROADS—CROSSING NEGLIGENCE—CONTRIBUTORY NEG-
LIGENCE—BICYCLES.

In an action for the negligent killing of plaintiff's intestate, a
bicycle rider, who was killed in crossing defendant's street
railroad at a street crossing about dusk, when the track was
visible and the approaching car was in plain view, a verdict
for defendant was properly directed on the ground that the
intestate should have seen the car and observed the rate at
which it approached.

Error to Wayne; Hosmer, J. Submitted June 13, 1911.
(Docket No. 31.) Decided September 29, 1911.

Case by Margaret Measel, administratrix of the estate
of Benjamin H. Measel, deceased, against the Detroit
United Railway, for the negligent killing of decedent.
A judgment for defendant on a verdict directed by the
court is reviewed by plaintiff on writ of error. Affirmed.

*Philip A. McHugh* and *William Henry Gallagher*,
for appellant.

*Corliss, Leete & Joslyn* ( *William G. Fitzpatrick*,
of counsel ), for appellee.

OSTRANDER, C. J. We take what is a sufficient state-
ment of the case from the charge of the trial judge:

" The testimony in this case upon the part of the plain-
tiff's witnesses is to the effect that at the time of the death
of the deceased the defendant company operated a street
railroad which ran along Locust street and upon which
cars were propelled from west to east; that, on the night of
the death of the deceased, the deceased was coming with
several companions from Sixth street upon a bicycle; that
at that time a car was being propelled at a very rapid

rate from the west; that the car, if the testimony is to be credited—and I can see no reason why it should not be, at least the testimony of the bicycle riders—was coming at least at the rate of 20 miles an hour, and there is testimony which, if credible, would fix it at a greater rate.   There is testimony in this case—in fact all the testimony would tend to show—that no gong was rung upon that occasion, and that the car proceeded across Sixth street without the ringing of a gong and at a rate of speed which I think and which you would think was unquestionably, in the premises, excessive.   In other words, the evidence shows that the defendant in this case was guilty of negligence, and it only remains for us to examine, I think, the conduct of the plaintiff's intestate in question.

"The plaintiff's intestate had lived something like a mile of the track for a period or a year or thereabouts. It does not appear that he knew of the existence of the track, but on the night in question it was not dark; it was, as the witnesses said, dusk—as Mrs. Ward, I think her name is, said she could see the car just at a point beyond the alley between Brooklyn and Sixth, and, as one of the other witnesses testified, she had no difficulty in seeing the riders as they came down the street at a point about half a block away.   And I have no hesitation, therefore, in saying that whether the deceased knew of the existence of the track at that time, the track was a thing which crossed Sixth street, and was a thing of which I think he was bound to take notice.   It seems to me, gentlemen of the jury, that the law of the State of Michigan is that he must approach that track with that degree of care which would enable him to see an advancing car and to see and observe the rate at which it was going, and under those circumstances, and under the testimony that at the curb he first swerved his machine, so as to cross the track, I think he should have seen the rate of speed at which the car was going, and I think the only inference to be drawn, under the existing circumstances, was that to cross the track at that point, or to attempt to cross the track, was negligence on his part."

There is no testimony reasonably tending to support a different statement of facts or a different conclusion with respect to the imprudent conduct of plaintiff's intestate. The testimony of witnesses in this behalf is confirmed by

the picture of the place where the injury was received. A verdict for defendant was rightly directed. *Zoltovski* v. *Gzella*, 159 Mich. 620 (124 N. W. 527, 26 L. R. A. [ N. S. ] 435, 134 Am. St. Rep. 752 ); *Gibbs* v. *Dayton*, *ante*, 263 ( 131 N. W. 544).

The judgment is affirmed.

BIRD, BROOKE, BLAIR, and STONE, JJ., concurred.