WEIL v. DETROIT UNITED RAILWAY.

AUTOMOBILES — NEGLIGENCE — CONTRIBUTORY NEGLIGENCE — STREET RAILWAYS—DUTY TO LOOK.

Where evidence, in an action for damages to an automobile, tended to show that plaintiff's servant looked for a street car as he approached defendant's tracks, and the view was obstructed so that he could see but a short distance up the track, but that he might have looked after passing the obstruction and the view was then unobstructed for several blocks, so that he must have seen defendant's car approaching, the trial court should have directed a verdict in defendant's favor on the ground of contributory negligence of the driver.

Error to Wayne; Codd, J. Submitted April 14, 1915. (Docket No. 78.) Decided June 7, 1915.

Case by Henry M. Weil against the Detroit United Railway for damages done to an automobile. Judgment for defendant on a verdict directed by the court. Plaintiff brings error. Affirmed.

*Thomas W. Payne,* for appellant.

*Corliss, Leete & Moody (Claude H. Stevens,* of counsel), for appellee.

MOORE, J. This suit was brought to recover damages done to an automobile owned by plaintiff and driven by his employee. In addition to the oral testimony photographs of the situation were introduced in evidence. The trial judge was of the opinion that the driver of the automobile was guilty of contributory negligence, and for that reason directed a verdict in favor of the defendant. The case is brought here by writ of error, and the question is whether there was a case to go to the jury.

The accident happened in the daytime. It was caused by one of defendant's cars striking one of the rear wheels of the automobile as it was moving along Le May avenue, which at this place crosses Mack avenue at right angles. Defendant at that time had two tracks on Mack avenue. On the southwest corner of the intersection of these streets was a frame building which came nearly to the sidewalk on the south side of Mack avenue; this walk was six feet wide, and from its north edge to the south rail of the first track it was five or six feet. When approaching Mack avenue the driver of the automobile came to a full stop. Because of the building near the sidewalk his vision was obstructed and according to measurements made by him the next day he could see up the

track but 63 feet. He looked and saw no car; he listened and heard no signal. He started his automobile on low speed, and before he got across the track the automobile was struck as before stated.

The cross-examination of the driver discloses what is clearly shown by the photographs, and by the testimony of the other witnesses, that if he had looked after passing the obstruction caused by the building, and while yet in a place of safety, he could have seen the track for a number of blocks, and thus avoided the accident.

The case made by the record is not one where the driver has looked and seen the car, and, thinking he had time to cross in safety, attempted to do so and was caught by the negligence of the motorman. We think the case as to contributory negligence is within *Cardinal* v. *Railway Co.*, 165 Mich. 155 (130 N. W. 627); *Measel* v. *Railway*, 166 Mich. 688 (132 N. W. 453); *Manos* v. *Railway*, 168 Mich. 155 (130 N. W. 664); *Colborne* v. *Railway*, 177 Mich. 139 (143 N. W. 32); *Champaign* v. *Railway*, 181 Mich. 672 (148 N. W. 201), and the many cases therein cited.

Judgment is affirmed.

BROOKE, C. J., and MCALVAY, KUHN, STONE, OSTRANDER, BIRD, and STEERE, JJ., concurred.