[Civ. No. 1156. Fourth Appellate District.—August 28, 1935.]

EDGAR BATES, a Minor, etc., Appellant, v. ESCONDIDO UNION HIGH SCHOOL DISTRICT OF SAN DIEGO COUNTY (a Public Corporation) et al., Respondents.

EDWIN FOY, a Minor, etc., et al., Appellants, v. GROSS-MONT UNION HIGH SCHOOL DISTRICT OF SAN DIEGO COUNTY (a Body Corporate and Politic) et al., Respondents.

Robert B. Burch, A. M. Thompson and H. P. Larson Beck for Appellants.

Thomas Whelan, District Attorney, Frank T. Dunn, Chief Deputy District Attorney, and Frank J. Macomber for Respondents.

MARKS, Acting P. J.—This is an appeal from judgments in favor of respondents in actions to recover damages for injuries sustained by the minor appellants in a collision between a Buick coupe driven by George Warner and a school bus driven by John W. Gray. The accident happened on· August 28, 1931, on the state highway about twelve miles north of Paso Robles. The two cases were tried together and are presented on two clerk's transcripts and one reporter's transcript.

The case of *Bates* v. *Escondido Union High School District et al.* is before us for the second time (133 Cal. App. 725 [24 Pac. (2d) 884]). Many of the facts stated in the first opinion are applicable to both the present appeals and will not be repeated here. Both the minors were riding in the school bus and were injured in the same accident by having their left arms broken.

In the Bates case the trial court found that none of appellants were guilty of any negligence and that the injury to that minor was caused solely by the negligence of the defendant George Warner. In the Foy case the trial court found that none of the respondents were guilty of any negligence at any time mentioned in the complaint. As sole grounds for reversal of the judgments appellants urge that these findings are contrary to the evidence and that the evidence shows respondents guilty of negligence as a matter of law which was the proximate cause of their injuries.

We have studied the record and have concluded that a considerable preponderance of the evidence supports the challenged findings.

Gray was driving the school bus southerly on the state highway with the vehicle well over on his own right-hand (westerly) side of the twenty-foot pavement. He approached a small bridge twenty-four feet long down a slight grade. His speed was about thirty miles an hour at the commencement of the grade and was reduced to about fifteen miles an hour at the time of the accident. When but a short distance from the bridge Gray and other witnesses observed Warner's car being driven rapidly northward along the highway with its left wheels westerly of the center line of the pavement. No estimate of the exact speed of Warner's car is in the record. When the school bus was about to the bridge Warner's car was about forty yards southerly from it with two of its wheels between one and two feet westerly of the center line of the pavement. At the time of the collision the right-hand or westerly side of the bus was very close to the westerly guardrail of the bridge, probably about six inches from it. The side of the Buick raked along the easterly side of the bus and broke the minors' left arms which were probably protruding slightly through the bus windows. The road from north of the bridge southerly made a broad curve to the east. The body of the bus had a maximum width of six feet ten inches.

It seems to be the theory of appellants that when Gray saw the Warner automobile approaching at a rapid pace with two of its wheels over on the westerly side of the pavement he should have driven the bus off the pavement in order to let the other car pass. There are many considerations to which appellants have evidently given no attention in making such an argument. ■ In the first place such expressions as "a rapid pace", "fast", "too fast" could not convey to the trial judge nor to us any idea of the actual speed of the car. They are mere expressions of comparative opinion and mean little in law. (*Diamond* v. *Weyerhaeuser*, 178 Cal. 540 [174 Pac. 38]; *Rosander* v. *Market St. Ry. Co.*, 89 Cal. App. 710 [265 Pac. 536]; *McKinley* v. *Dalton*, 128 Cal. App. 298 [17 Pac. (2d) 160].) ■ Secondly, the most careful driver, on seeing a car approaching him forty or more yards away with two of its wheels slightly on the wrong side of the center line of the pavement, might have reasonably concluded that it was safe to proceed with the reasonable belief that the other driver would perform the duty the law imposed upon him and return to his own side of the road. ■ Thirdly, a guard-rail was con-

structed northerly from the bridge along the westerly side of the pavement for between about seventy-five and one hundred feet. We are not advised of the exact distance between this guard-rail and the edge of the pavement though it would appear from photographs to be constructed on about a line that would be made by producing the westerly guard-rail of the bridge northerly along the pavement. The school bus was probably south of the northerly end of this guard-rail at the time the Buick appeared in view. It is probable that the bus was about upon the bridge when the danger of a collision should have been apparent to Gray. He drove the bus as near to the westerly guard-rail of the bridge as possible and left Warner about thirteen feet of clear roadway in which to drive. When the probability of a collision was apparent the bus could not have been driven off the pavement because of the guard-rails. It is difficult to see what more Gray could have done to have avoided the accident.

It is elementary that the trial judge must pass on the weight and sufficiency of the evidence and the credibility of the witnesses and that an appellate court must accept as true all evidence tending to support the findings and must consider the evidence in the light most favorable to the prevailing party. Ordinarily the negligence of a defendant is a question of fact to be determined by the trial judge from all the evidence before him. An appellate court will not set aside a finding when there is material and competent evidence in the record to support it. In the instant case the trial court having found that respondents were free from any negligence and there being an abundance of the evidence to support these findings we cannot disturb them on appeal.

Respondents have argued a number of other interesting questions in their briefs, such as the liability of the school districts for the negligence, if any, of their respective employees and the liability of one school district for the negligence, if any, of the employee of the other. In view of the finding of the trial court that none of the respondents were negligent we do not consider it necessary to discuss these questions.

Judgments affirmed.

Jennings, J., concurred.

Barnard, P. J., being absent, did not participate in this decision.