[Civ. No. 1774. Fourth Appellate District.—June 29, 1936.]

ALBERT HAASE, a Minor, etc., et al., Respondents, v. CENTRAL UNION HIGH SCHOOL DISTRICT et al., Appellants.

Dan F. Conway, District Attorney, and Dearing & Jertberg for Appellants.

Ray W. Hays for Respondents.

BARNARD, P. J.—This is an action for damages for injuries suffered by the minor plaintiff while riding on a bus owned by the defendant school district and driven by the defendant DeVelbiss. The accident happened while the bus was meeting a truck owned and operated by the other individual defendants. A jury found in favor of the plaintiffs and against both sets of defendants. From the judgment which followed the school district and the driver of its bus have appealed. For convenience the minor will be referred to as the plaintiff, the driver of the bus as the appellant

and the driver of the truck, who is not appealing, as the defendant.

The accident in question happened on November 13, 1934, some miles west of Fresno, on McKinley Avenue which runs east and west, and a short distance west of Jameson Avenue which intersects the first named road. At the northeast corner of the intersection of these roads is the yard of an elementary school. About 4 o'clock on that afternoon the appellant started from the high school, located about a mile east of this intersection, with his bus loaded with students. He drove west on McKinley Avenue at 30 miles an hour, slowed down to 20 or 25 miles as he passed the elementary school, and proceeded across the intersection in a westerly direction. The plaintiff was seated in the bus on the seat behind the driver with his left arm on the sill of an open window. A short distance west of the intersection referred to is a small bridge over a canal which crosses McKinley Avenue at right angles. This bridge extended for about 20 feet along McKinley Avenue and was 18 feet 6 inches wide with railings along its north and south sides. As the school bus approached this bridge the truck driven by the defendant, loaded with sweat boxes, approached the bridge from the west coming east. Just after the bus had left the bridge the plaintiff cried out that his arm was broken and the appellant turned around and drove back to the bridge. At that time the defendant had stopped about a hundred feet east of the bridge and was picking up a sweat box which lay in the road. This box was partly broken, one end and one side being broken. Another box was also on the ground and splinters and broken pieces of a box lay along the center of the bridge from near its west end to its east end. The truck was loaded with 31 sweat boxes and while the defendant testified that they did not extend beyond the body of the truck the appellant testified that they extended over the body for 6 or 8 inches. After the accident there was a dent on the upper front portion of the left rear fender of the bus and a clearance light at the top of the left rear corner of the body of the bus was gone. This light was found on the defendant's truck. That truck had a scratch at the front left side of its flat rack, and an arm signal which extended out from the top of the back of its cab was bent. The height of this signal was approxi-

mately the same as that of the clearance lamp which was broken from the bus.

Apparently the plaintiff was injured by a sweat box falling from the truck and striking his arm as it lay in a window of the bus. Another student, who sat three seats behind the plaintiff, testified that she heard a bang and a sweat box struck the window sill opposite where she was sitting. The appellant testified that he heard no crash, that all he heard was the sound of a box falling and bumping and that he did not know his vehicle had been struck until after he stopped.

The appellant's theory is that the plaintiff was injured by the falling of the box which occurred without negligence on his part. The plaintiff's theory is that there was a collision between the two vehicles, that if the injuries were caused by the falling of the box the same was in turn caused by the collision and that the collision was caused by the concurrent negligence of both the appellant and the defendant, the theory being that they were both traveling along the center of the bridge and that each swung sharply to his right but too late to avoid the collision.

The main point urged by the appellant is that the evidence is insufficient to sustain the verdict in that there is an entire absence of any evidence showing negligence on his part. We think this contention must be sustained.

While all of the witnesses testified that at the time of the collision each of the vehicles was on its proper side of the road, this seems to have been not entirely true as the evidence indicates a slight collision in addition to the falling of a box or boxes. There is ample evidence of negligence on the part of the defendant. He testified that he was driving about 35 miles an hour, that he slowed down when about 100 feet west of the bridge, that he entered the bridge first, that he thought he could beat the bus across the bridge, that he figured the bus driver would stop and let him by, that he entered the bridge as the bus approached the bridge, that he was driving very close to the center line of the road as he "figured he would stop", that when he was in the middle of the bridge he swung as far as he could to the right, that he was on the bridge before he made the swerve and that just as the bus entered the bridge "I swerved over still farther, as far as I possibly could".

On the other hand, so far as we can find, every witness testified that the bus passed over the bridge as close as possible to its north rail and that its wheel tracks were approximately one foot from that rail. Even the brother of plaintiff, who sat next to him, testified that the appellant was at all times on his half of the road and that the bus was "as close to the railing of the bridge as he could get". No witness testified that the bus was at any time anywhere but on its own side of the road, its tire marks confirmed this, and we can find no evidence that at any time it ever crossed the middle line. The bridge was 18 feet 6 inches wide, the bus 7 feet 6 inches wide and the truck 6 feet 7 inches wide. There was ample room for the two to pass, the total clearance being 4 feet and 5 inches. The picture of the bus in the record shows that no part of the bus extended over the wheels more than 3 or 4 inches. Even the defendant testified that he saw nothing unusual or wrong about the manner in which the bus was driven except that it was going too fast over a 15-mile zone and that it did not stop for the bridge. He made the statement that the intersection of McKinley and Jameson Avenues is a blind intersection, a 15-mile zone. Not only was this intersection some little distance east of the bridge where the accident happened but there is no competent evidence that it was a blind intersection within the meaning of the statute and it fully appears from the record that it was not. There is absolutely no evidence in the record to indicate or justify the conclusion that the appellant was driving too fast at the time of the accident and no evidence to show that he was under any duty to stop before he entered the bridge or that he was guilty of negligence in not doing so.

The plaintiff argues that the accident was the result of the concurring negligence of both drivers in that each drove upon a narrow bridge with a large vehicle knowing that this was a hazardous thing to do, that the accident would not have occurred if the driver of the bus had stopped, that the driver of the bus testified that although he had seen the truck when he was 150 feet east of the bridge and the truck was 200 feet west of the bridge he paid no attention to it until the truck was within 15 feet of him at which time he was on the bridge, and that he then turned sharply to his right. The bridge was of ample width to allow the passing of both ve-

hicles if each kept to its own side of the road. Even if the defendant entered the bridge first it was not a hazardous thing for the appellant to also drive across a bridge which was built for that purpose, and he was not required to assume that the other driver would come over to his wrong side of the road. There is no evidence justifying the conclusion that the appellant violated the law or was negligent in not stopping before he entered the bridge. The appellant testified that after he first saw the truck he saw it again whenever he glanced up, that it apparently was upon its right side of the road and that he paid no particular attention until it was swung too far to its left as it was entering the bridge. While the appellant testified that just as he was leaving the bridge he saw the truck coming too far over and then swerved to his right after he had passed the railing on the bridge itself, there is no evidence that he swerved to his right while on the bridge and all of the evidence is to the contrary.

As we observed in *Bates* v. *Escondido Union H. S. Dist.*, 9 Cal. App. (2d) 43 [48 Pac. (2d) 728], a case very similar in its facts to the one now before us, it is ''difficult to see what more (the bus driver) could have done to have avoided the accident''.

It was incumbent upon the plaintiff to prove negligence upon the part of the appellant and in the absence of any evidence which would justify the finding that the bus was at any time on its wrong side of the road, there being no evidence of any other negligence on his part, the plaintiff has failed to sustain the burden resting upon him.

Under the view we take of the evidence the other points raised by the appellant need not be considered.

The judgment is reversed in so far as appellants are concerned.

Marks, J., and Jennings, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on July 28, 1936, and an application by respondents to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on August 27, 1936.