## JENNISON v. DARNIELLE et ux.
### No. 4009.

Court of Civil Appeals of Texas. El Paso.
Dec. 5, 1940.

Rehearing Denied Jan. 9, 1941.

R. H. Mercer, of San Antonio, for appellant.

Johnson & Rogers, of San Antonio (Nat L. Hardy, of San Antonio, of counsel), for appellees.

PRICE, Chief Justice.

This action was instituted in one of the District Courts exercising jurisdiction in Bexar County by Edward E. Darnielle and his wife, as plaintiffs, against Edward Travis Jennison, as defendant, seeking to recover damages for the alleged negligent infliction of personal injuries to plaintiffs' son, as a result of which the son died. The trial was to a jury, submission on special issues. The court, on the motion of plaintiffs, set aside the finding of the jury on special issues numbers 18, 19 and 20, and rendered judgment for the plaintiffs in the sum of $7,500. Defendant Jennison has duly perfected this appeal.

The parties are here designated as they were in the trial court.

In substance, plaintiffs alleged, among other things, that defendant, on or about the 10th day of April, 1937, was driving east on Burr Road in his automobile on the left-hand side of the highway at a negligent rate of speed, and that about the three hundred block negligently ran into plaintiffs' minor son, Thomas Darnielle, who was then between seven and eight years of age, and inflicted personal injuries upon Thomas, as a result of which, in about one week thereafter, he died.

Defendant answered by general exception, general denial, and detailed special

pleas of contributory negligence on the part of deceased Thomas and his parents.

Just how the accident occurred is not specifically developed by the pleadings of either party. There was, however, no question raised on the pleadings, and same are deemed to support the issue submitted.

By the evidence and verdict it is established that the defendant was driving his automobile east on Burr Road in the suburbs of the City of San Antonio; that immediately before the collision Thomas Darnielle rode his bicycle out of the Farris driveway onto Burr Road, and the bicycle and defendant's automobile collided. The Farris driveway is a private driveway north of Burr Road, leading into said road; the collision being imminent, the boy seems to have attempted to turn to the right to proceed west on Burr Road; the automobile and bicycle seem to have side-swiped each other; the impact, as evidenced by marks on the rear fender and handle of defendant's car, was on the left rear part of defendant's car as it was going easterly.

The jury found in favor of plaintiffs on the negligent rate of speed of defendant, and that same was a proximate cause of the injuries to their son; further, that just prior to the collision defendant was operating his car on the left-hand side of the highway, and that same was negligence and a proximate cause of the injury; against plaintiffs on issue as to defendant's car not being under control and as to lookout; damages were found in the sum of $7,500; in favor of plaintiffs on all issues of contributory negligence submitted, save as to the issue of negligent rate of speed.

It is deemed necessary to here set out this finding, which is comprehended in issues numbers 18, 19 and 20.

"Question No. 18: Do you find from a preponderance of the evidence that at the time and on the occasion in question, Thomas Darnielle was operating his bicycle at a negligent rate of speed? Answer: Yes.

"Question No. 19: Do you find from a preponderance of the evidence that such act, if any, was negligence? Answer: Yes.

"Question No. 20: Do you find from a preponderance of the evidence that such negligence, if any, was a proximate cause of the accident? Answer: Yes."

On motion of plaintiffs, of which due notice was given, the above findings were set aside and then judgment entered on the verdict for plaintiffs.

There can be no question that with these findings the verdict was for the defendant; without them, in favor of plaintiffs. The pleadings of defendant were sufficient to tender the issue, and the only question here is as to whether the evidence raised the complete issue.

■ By the very terms of Article 2211, Vernon's Civil Statutes, under which the trial court acted, justification for such action must find support in the fact that the jury finding had no support in the evidence.

■ An act or omission alleged to be negligent, to constitute same a defense to, or cause of action for, negligence, must be established. The evidence must likewise establish that the acts or omissions have the quality of negligence; further, that same is a proximate cause of the injury.

■ The act in question here is the rate of speed plaintiffs' son came out of the driveway. In order to raise the issue as to such rate of speed being negligence, the rate thereof must be established with some degree of definiteness. It need not be established with mathematical certainty, but to judge the quality of an act, what the act was must be shown. In determining the rate of speed the child came out of the driveway the jury had the circumstances surrounding the accident. The Farris driveway sloped down as it led into Burr Road; the view west from the driveway on Burr Road, as to which the evidence was somewhat conflicting, was obscured to an extent; there was the manner and consequences of the accident, the position of the two vehicles after the accident; the effect thereof on the respective vehicles, the relative position of the two vehicles after the accident.

The fact that the Farris driveway sloped toward Burr Road, standing alone, certainly of itself would not tend to establish that Thomas rode his bicycle down same at a negligent rate of speed. It would render it possible for him, perhaps, to operate same at a greater rate of speed than he could have done on a level road or uphill.

We cannot see that the other circumstances above narrated throw any light upon the rate of speed at which this child was operating his bicycle at the relevant:

time. If this issue was raised, it was by the testimony of defendant and the witness Berry. Defendant testified that he saw the boy when his car was fifteen feet from the west line of the Farris driveway; that he was driving his automobile at a rate of speed of from twenty-five to thirty miles an hour, the boy was coming due south at a terrific rate of speed; that he turned to the right, and that the boy was attempting to turn to his right in order to get down the road going west; the contact between car and bicycle was slightly west of the driveway. The following is reproduced from the deposition of the defendant:

"Q. About what rate of speed was the child going? A. I have no idea, all I can tell you he was going fast.

"Q. Was he going as fast as you were? A. How could I say? He could hardly do that on a bicycle.

"Q. Would you assume he was going as much as ten miles an hour? A. I just could not estimate that, all I know is that for a bicycle he was traveling very fast.

"Q. In other words, it is your position now that you do not know how fast he was going, or is it your position that you do know? A. I will tell you this, he was going so fast that his bicycle was trembling.

"Q. From the time you saw him until the time of the impact you could denote the tremor of the bicycle, could you? A. Yes."

In our opinion, all that this testimony amounts to is an opinion by the witness that the boy was going fast. How fast, he could not say. It gives us an impression of the witness, but no standard to judge of the correctness of such impression.

The witness Berry testified:

"Q. Was this bicycle coming fast or slow, or just how was it coming? A. Well, it appeared to me when I saw it that he shot out just like a bullet; that is just how fast the thing happened. He must have gathered up a tremendous amount of speed coming down the driveway."

Now the last sentence of the quoted answer has no probative value and is simply an argument of the witness. The gist of the statement is, he came out of the driveway like a bullet. It seems to us that the evidence of the two witnesses above quoted is lacking in definiteness. This lack of definiteness might be explained in part by lack of opportunity to form a correct judgment of the rate of speed of the bicycle. The occupants of the car were traveling, by their own admission, at a minimum rate of at least 36.62 feet per second. Their opportunity of forming their impression was confined to a fractional portion of a second. This, however, were the testimony more definite, might go only to the weight thereof.

A number of cases have held this character of testimony admissible. Galveston H. & S. A. Ry. Co. v. Huebner, Tex.Civ. App., 42 S.W. 1021; McCabe v. San Antonio Traction Co., 39 Tex.Civ.App. 614, 88 S.W. 387; Beaumont Traction Co. v. Dilworth, Tex.Civ.App., 94 S.W. 352; San Antonio Public Service Co. v. Murray, Tex.Civ.App., 59 S.W.2d 851; Sanders v. Lowrimore, Tex.Civ.App., 73 S.W.2d 148.

However, we do not believe that any one of the above cited cases is authority that a finding of negligent rate of speed is justified from such testimony where it stands alone and uncorroborated.

Defendant, in justification of the submission of the issue in question, cites the case of Ranne v. Jackson, Tex.Civ.App., 125 S.W.2d 407. There, the witness testified that "Jackson (the plaintiff) was 'going plenty fast; just as fast as his car would go.'" Jackson (plaintiff) testified that when he first saw the truck it was about 225 feet from him, and about sixty or seventy-five feet from the point of the collision; that the truck was going about forty miles an hour. If plaintiff's testimony was correct, his car was going twice as fast as the truck. It was very properly held that defendant was entitled to a submission of the issue of negligent speed on the part of plaintiff. There was also evidence that plaintiff had been drinking just prior to the collision. As we understand the holding, it was, the evidence, considered as a whole, raised the issue of negligent speed.

Here, we are dealing with the probative effect of the testimony of the witnesses Jennison and Berry, not as to its admissibility. In other words, its sufficiency to raise an issue for the determination of the jury.

It seems to us to be elementary that testimony may be admissible on an issue and fall short in its sufficiency to establish same.

In the case of Aycock v. Green, Tex.Civ. App., 94 S.W.2d 894, 898, it is said: "The only evidence concerning the speed of the car was the testimony of the deputy, who said the car was going at a 'pretty rapid gait,' which is a purely relative term, from which, alone, no jury could convict the driver of operating the car at an unlawful, or excessive, or unusually dangerous speed." The issue involved, however, was under Article 6701b, the "guest statute."

The boy was unquestionably moving when he came out of the driveway. It is not shown that he ever crossed the center line of the Burr Road. According to the verdict the preponderance of the evidence failed to show this. Under the findings and evidence, his rate of speed was not such that he was unable to turn right on Burr Road on the proper side thereof. This, however, belongs perhaps more properly to the consideration of the question of proximate cause. Suffice it to say that we deem this testimony to have slight, if any, probative value. We are very doubtful as to its sufficiency to raise the issue of negligent speed on the part of the boy. Aycock v. Green, supra; Law v. Gallegher, Del.Sup., 197 A. 479; Wertz v. Shade, 121 Pa.Super. 4, 182 A. 789; Bates v. Escondido Union High School Dist., 9 Cal.App.2d 43, 48 P.2d 728; Swayne v. Connecticut Co., 86 Conn. 439, 85 A. 634, 737; Zoltovski v. Gzella, 159 Mich. 620, 124 N.W. 527, 26 L.R.A.,N.S., 435, 134 Am. St.Rep. 752.

■ It may be that under the record it is defendant's right to have the conduct of this eight-year old child viewed as though he were an adult. If this be true, to convict him of negligence, something more than his mere youth and inexperience should be the basis of the inference thereof. The presumption of due care attaches to his conduct until it is proven otherwise. The burden was upon the defendant to establish such negligence.

Plaintiffs by counter proposition urge that even though the evidence was sufficient to raise the issue as to negligent speed on the part of their minor son, it fails, as a matter of law, to raise the issue as to proximate cause.

The defendant asserts that there was ample evidence to justify the submission of the issue, citing us to the case of Southern Pine Lumber Co. v. Andrade, 132 Tex. 372, 124 S.W.2d 334, as sustaining his position. We have carefully examined that case and the report of the opinion of the Court of Civil Appeals, Andrade v. Southern Pine Lumber Co., 94 S.W.2d 583. It appears an issue as to defendant's operating his motor vehicle on the wrong side of the road was submitted and found in favor of plaintiffs. An issue of contributory negligence as to the rate of speed of plaintiff was found in favor of defendant. The sufficiency of the evidence to support the finding as to proximate cause seems not to have been assigned as error. Prima facie the verdict was in favor of defendant. The Court of Civil Appeals held the verdict should not stand because the finding of the jury on the issue submitting damages intrinsically and inherently evidenced bias and prejudice on the part of the jury. The Commission of Appeals held that the verdict should be upheld, that a finding against the preponderance of the evidence as to another issue was not sufficient to fatally taint the entire verdict. We do not think it can be successfully contended that in all cases where defendant was guilty of driving on the wrong side of the road that in no event could a negligent rate of speed proximately contribute to the injury.

■ Negligence established, the question of proximate cause is ordinarily one of fact and not of law. This is not always true, however. In Texas & P. Ry. Co. v. Bigham, 90 Tex. 223, 225, 38 S.W. 162, the defective fastening on the stockyard gate was held, as a matter of law, not to be the proximate cause of the personal injury to plaintiff. This holding was based on the lack of foreseeableness of the injury from the negligent omission. Likewise, to constitute an act or omission the proximate or legal cause of the injury in question, it must be shown that the injury would not have occurred but for the operation of same.

■ The jury found that defendant was operating his car south of the center line of Burr Road; that they did not find from a preponderance of the evidence that the boy failed to stay on his right-hand side of the road just prior to and at the time of the accident. The collision then occurred south of the center line of Burr Road. Clearly the injury would not have occurred but for the fact that defendant was operating his car on his left-hand side of the road. Still some negligent act of the child might contribute to his injury. There may be more than one proximate cause. The verdict is that it was not neg-

ligence on the part of the boy to ride his bicycle out into Burr Road just prior to the accident. If this be taken as fact, it is hard to conceive how his rate of speed had anything to do with his injury. Had he been riding at a high rate of speed this would not have prevented him from swerving less quickly to his right. As we understand it, it is not contended that the child was riding too slowly. It might be argued that had the boy been riding more slowly it would have given the defendant time to have avoided the consequences of his own negligence in operating. the automobile on his left-hand side of the road at a negligent rate of speed. On the other hand, holding this immature child to the exercise of the same degree of care as an adult, could he reasonably foresee that defendant, at a negligent rate of speed, was negligently coming east on the wrong side of the road? Thomas Darnielle, child of tender years though he was, had the right to assume, in the absence of notice to the contrary, that the defendant, and those coming east along Burr Road, would use ordinary care for the safety of others having equal rights to use same. In the brief moment after becoming aware of the approach of defendant's car, it is reasonable to infer that he could neither slacken nor increase the speed of his bicycle. In the absence of notice of the negligent conduct of defendant this boy had a right to be where he was at the time he was struck down. He might reasonably have anticipated that a vehicle approaching from the east would be traveling along the same pathway it was in his intention to travel, but not one coming from the west.

It is elementary, in determining the issue of proximate cause, the same standard should be applied to the conduct of the plaintiff as to that of defendant. Justification for the verdict that defendant was negligent in driving too fast and on the wrong side of the road is found in the fact that he was driving through a built-up portion of the community; that the access to the road along which he was driving was necessarily through driveways, being on the left-hand side he might reasonably anticipate that anyone seeking to enter same from a northerly intersection would necessarily cross the pathway of his car; that one so entering could not reasonably expect the automobile to be where it was being driven; that primarily one entering the highway from the north would be on the lookout for vehicles approaching from the east. Had the boy been going at the rate of one hundred miles an hour, considerably less than the speed of a bullet, had defendant been on the south side of the highway, under the record, the impact would not have taken place. If defendant had been on his proper side of the highway and this child driven suddenly in his pathway, another question would be presented. In that event, the child should have anticipated the consequence of his action; but this is not the case. Concede he rode rapidly into his side of the road and tried to ride rapidly west, did this render it more likely he would be struck by one coming east?

As we have said, if justification there was for disregarding the issues found in favor of defendant, it must be found in their lack of support in the evidence.

It is elementary that to constitute contributory negligence the element of proximate cause must appear from the testimony. Lacking this element, negligence of the plaintiff is no defense. Galveston, H. & S. A. Ry. Co. v. Pendleton, 30 Tex. Civ.App. 431, 70 S.W. 996.

In Ramirez v. Salinas, Tex.Civ.App., 90 S.W.2d 891, there is a citation of a number of cases illustrative as to when the issue of proximate cause is one of law and when an issue of fact for the jury. This case held that, under the facts, driving a truck at night without lights was the proximate cause of the injury. In 131 Tex. 537, 117 S.W.2d 56, this holding was commended, although the application was insufficient to give jurisdiction over the writ of error.

Let it be granted that this boy suddenly appeared on the northerly half of the road. This act was the occasion rather than the legal cause of his injury. He had a right, sanctioned by custom and by law, to be there. All of the evidence construed in the light of the surrounding circumstances indicates this bicycle never crossed the center line of Burr Road. The jury found that just prior to the accident the boy rode his bicycle out of Farris' driveway. But for the negligence of defendant this act did not place him in peril. By the verdict there was placed upon this boy the duty of anticipating and avoiding the negligence of defendant. We are aware that no strict interpretation of the testimony of the defendant and the witness Berry should or could be made. Both placed the point of impact about four feet from the west line

of the driveway. According to their testimony the automobile was from fifteen to twenty feet from the west line of the driveway on their discovery of the bicycle. It would be a miracle if these estimates were accurate. But according to the supported material findings of the jury, which have the equivalence of undisputed facts, and giving the testimony any reasonable interpretation it is susceptible of, it indisputably appears the boy was struck on his side of the highway. Further, that the negligent rate of speed at which the car was driven, the negligence in driving on the wrong side of the highway, combining and co-operating, were the sole proximate cause of the injury. We think the close, accurate and able analysis of the testimony by Judge Funderburk in the case of Ramirez v. Salinas, supra, to the facts there in some measure applies here. Had there been a finding in that case that the driving of the car without lights was not a proximate cause, same could have been with propriety set aside by the trial judge.

The case of Porter v. Liberty Film Lines, Inc., Tex.Civ.App., 127 S.W.2d 480, has likewise received careful consideration. Likewise the action of the Supreme Court on the granting of the application for writ of error with tentative approval of the forceful dissenting opinion of Judge Young. The facts there are not parallel with the facts here. In our opinion the reasoning of the dissenting opinion in no way conflicts with our disposition of this case.

It is asserted that the trial judge was largely influenced in the action taken by consideration and study of a note in 77 A.L.R. 598, and the authorities therein discussed. In our opinion, strong support is to be found for the action taken in the authorities there cited and discussed.

In order that negligence constitute contributory negligence the element of legal causation must be established by evidence more substantial than a mere conjecture.

The assignments of error as to rendering the judgment in favor of the plaintiffs are overruled.

 Defendant requested the submission of some forty-six or forty-seven special issues. How many of these were given or refused we have not thought necessary to investigate. Error is assigned on the refusal to submit requested issues as to failure of deceased to apply the brakes; that he had been warned to stay out of Farris'

driveway; as to the failure to stay out of the driveway; as to whether it was negligence for deceased to play on the street; as to whether plaintiffs warned deceased as to the danger attendant on riding his bicycle out of the driveway; as to failure of the deceased to heed a warning to stay out of the driveway. These various issues were supported by appropriate subsidiary issues.

Now as to those issues as to the boy playing in the driveway or on the road, this record is without evidence to justify their submission. So, as to the failure of the boy to apply the brakes on the bicycle. Further, in regard to the issue as to playing on the Farris' driveway, under this record, if he did so do, there is no evidence but that he had the right. This child had as much right to the lawful use of Burr Road as did the defendant. There is no supported finding that any act or indiscretion on his part contributed to bring about his death. There is in our opinion no evidence to sustain any such finding or raise any of the other requested issues.

In our opinion all of the charges the refusal of which is complained of were properly refused by the trial court.

The judgment is affirmed.