611 P.2d 225

Camilo H. **CERVANTES**, Plaintiff-Appellee,

v.

Oscar M. **SKELTON** and Ira Holliday Logging, Inc., a Foreign Corporation, Defendants-Appellants.

No. 4212.

Court of Appeals of New Mexico.

April 24, 1980.

John E. Conway, Sandra A. Grisham, Durrett, Conway & Jordon, P. C., ·Alamogordo, for defendants-appellants.

Albert J. Rivera, Alamogordo, for plaintiff-appellee.

## OPINION

SUTIN, Judge.

Defendants appeal a judgment arising out of an accident that occurred in Alamogordo, New Mexico wherein defendants' tractor-trailer hauling logs negotiated a turn from White Sands Boulevard onto Canal Street and the load of logs fell on the car driven by plaintiff who sustained injuries as a result. We affirm.

The only issue raised in this appeal is that "The Evidence was not Sufficient to Support a Finding of Negligence or to Show Proximate Cause."

Defendants were charged with three acts of negligence:

1. The Defendant, Oscar Skelton, was negligent in that he failed to use due care in the operation of the vehicle;

2. That the Defendants vehicle was unsafe;

3. That the Defendant, Oscar Skelton, did not have his speed under control as to avoid colliding into the Plaintiff.

Plaintiff had the burden of proving that one or more of the claimed acts of negligence was the proximate cause of plaintiff's damages.

### FACTS:

On the day of the accident, Skelton drove a 1970 Kenworth tractor-trailer truck. His trailer was loaded with logs up by Cloudcroft on top of Sixteen Spring Hill. The load was tied down with the use of three cables that had adjusting chains. The tractor-trailer was held together with a reach, a steel beam six by eight inches that extended from the truck back through the trailer. Skelton drove down from Cloudcroft to Alamogordo and drove on White Sands Boulevard. As he approached the 90 degree turn at Canal Street, there were several cars waiting at a stop sign to enter the Boulevard. Skelton had to make a sharp turn.

Eyewitnesses testified that the vehicle was travelling 25 to 30 miles per hour, "pretty fast," "a little too fast" and "too fast" to negotiate the 90 degree turn. The vehicle made a sudden wide right turn. Skelton tried to straighten out the vehicle but it swerved around the corner with the back wheels up. The truck came to the left lane, swerved back into the right lane, took a fender off the first car, hit a chunk of concrete and the trailer tipped over causing the logs to tumble over and pile on plaintiff's car. After the accident, Skelton discovered that the reach broke; that this breaking, he thought, turned the trailer loose and he had no control over it.

A police officer testified that in his opinion, the load was not stable, or the vehicle was travelling at too high a speed or both.

■ The determination of speed is a matter of first impression. Except for testimony that fixed the actual speed of the vehicle, witnesses spoke in terms of "pretty fast," "a little too fast" and "too fast." It has long been held that expressions of this nature are merely relative. Their meaning and effect must depend upon the unknown factor of the witnesses' personal views regarding standards of speed. These expressions of speed are too uncertain to serve as a basis for a finding that the speed was in violation of an ordinance or statute or in

excess of that rate demanded by ordinary precedents. *Diamond v. Weyerhaeuser*, 178 Cal. 540, 174 P. 38 (1918); *Rosander v. Market St. Ry. Co.*, 89 Cal.App. 710, 265 P. 536 (1928); *McKinley v. Dalton*, 128 Cal. App. 298, 17 P.2d 160 (1932); *Blackman v. Miami Transit Company*, 125 So.2d 128 (Fla. App.1961); *Law v. Gallegher*, 9 WW Harr. 189, 39 Del. 189, 197 A. 479 (1938); *Bates v. Escondido Union High School Dist.*, 9 Cal. App.2d 43, 48 P.2d 728 (1935).

It has been held that "too fast" and "excessive" are synonymous and expressions such as "too fast" were sufficient to warrant the jury's finding that the street car was travelling too fast for the passengers' safety, causing it to jump the track and collide with an automobile. *Austin Street Ry. Co. v. Oldham*, 109 S.W.2d 235 (Tex.Civ. App.1937). This case has not been followed.

What is important to note is that expressions such as "too fast" *standing alone* are too uncertain. Such testimony is properly admitted ·in evidence when coupled with testimony that an automobile was going at a certain rate of speed or going faster than the law allows, *Bennett v. Central of California Traction Co.*, 115 Cal.App. 1, 1 P.2d 47 (1931), or due to facts surrounding the collision that indicates excessive speed, *Hoffman v. Southern Pac. Co.*, 279 P. 474 (Cal.App.1929), such as weather conditions that affected the condition of the street, *O'Farrell v. Andrus*, 86 Cal.App. 474, 260 P. 957 (1927).

■ The evidence presented was sufficient to establish: (1) that Skelton failed to exercise due care in the operation of the vehicle; (2) that the vehicle was unsafe if the reach broke as a result of hitting a "chunk of cement" or a cement curb; and (3) that Skelton did not have his speed under control.

Affirmed.

IT IS SO ORDERED.

HERNANDEZ, J., concurs in the result.

ANDREWS, J., specially concurring.

ANDREWS, Judge (specially concurring).

Relying on *Embrey v. Galentin*, 76 N.M. 719, 418 P.2d 62 (1966), the appellant asserts that the trial court injected a spurious issue into the trial by giving a jury instruction on excessive speed where the record was "completely devoid of any evidence that excessive speed was the proximate or even remote cause of the accident." The issues, then, are whether there was evidence to support giving the instruction, numbered 14, concerning the statute on control of speed and whether the instructions as a whole adequately apprised the jury of the law governing the case. Instruction number 15 clarifies that "negligence resulting from a violation of a statute is no different in effect from that resulting from other acts or omissions constituting negligence, and in each case the negligence is of no consequence unless it was a proximate cause of an injury. . . ."

Instructions are to be read as a whole. *Tapia v. Panhandle Steel Erectors Company*, 78 N.M. 86, 428 P.2d 625 (1967). Reading instructions 14 and 15 together, it is clear that the jury was well-apprised of the defendant's theory; not only was a finding of excessive speed required, but also a finding that such speed was the proximate cause of the accident. There is substantial evidence in the record to support such findings and it is beyond the jurisdiction of this Court to look further. The discussion as to "the determination of speed" as a "matter of first impression" is dictum, and should not be included in this opinion.