[S. F. No. 13369. In Bank.—September 27, 1930.]

J. D. CONLEY, Appellant, v. WILLIAM G. MARVIN et al., Respondents.

OLIVE CONLEY, Appellant, v. WILLIAM G. MARVIN et al., Respondents.

Louis O'Neal and Arthur G. Shoup for Appellants.

J. Hampton Hoge and A. Dal Thomson for Respondents.

PRESTON, J.—The two causes of action above captioned arose out of the same automobile collision and are brought against the same defendants. Plaintiff J. D. Conley seeks to recover for alleged damage to his automobile, loss of its use and expenses for medical treatment of his wife. Said wife, Olive Conley, seeks to recover damages for personal injuries allegedly sustained by her as a result of said collision. The cases were consolidated for trial, have been briefed jointly upon appeal and may therefore be disposed of by this single written opinion.

On September 21, 1927, at about 1 o'clock P. M., plaintiff Olive Conley, with three guests, was driving a Reo automobile north on Los Altos Avenue, Santa Clara County, California, approaching a point where defendants' private driveway intersected said highway on the right or east side thereof. The point of intersection was apparently obscured by dense shrubbery upon defendants' property. While the Conley car was still some distance away, Mrs. Marvin drove in second gear out of the private driveway, headed directly across the road under the belief that she had plenty of time to cross before the Conley car reached her. Mrs. Conley, however, reached the intersection quickly and, under the stress of apparent peril, also turned her car across the road to the left, where, instead of avoiding the Marvin car, she collided with it. The Marvin car was damaged to some extent and the Conley car was almost a total wreck as a result of this accident. Mrs. Conley's guests were hurt and she herself sustained severe and possibly permanent injuries.

The trial of these causes covered a period of several days. All of the numerous facts touching upon the accident were placed in evidence and in addition a large amount of medical testimony was adduced. The jury returned a verdict in both causes for the defendants and judgment in their favor followed, from which both plaintiffs now prosecute this appeal. Their main contention is that said verdict is against the evidence and the law. They also complain of alleged minor errors occurring upon the trial and in the giving and withholding of certain instructions by the court.

■ There is to our mind no necessity for a lengthy *résumé* of this case. It will suffice to state that the evidence was in direct conflict upon many vital points. Plaintiffs claim that the Marvin car shot out of the private driveway across the public highway without warning, and, as the Conley car had the right of way, this negligent act of defendants was the proximate cause of the accident and resultant damage. Defendants claim that their car proceeded slowly at a time when plaintiffs' car was still a sufficient distance away to give it the right to enter the public road from the private drive; that, however, plaintiffs' car approached very swiftly, the driver failed to make any application whatsoever of the brakes and then negligently turned the car on to the left side of the road, thereby causing it to collide with defendants' car with the aforesaid result. There is also conflicting evidence bearing upon many other points, including the medical testimony relating to the extent and permanency of Mrs. Conley's injuries resulting from this accident. The jury were entitled to accept the version of either the one party or the other and they chose to return their verdict in favor of the defendants. Ample and abundant evidence is found in the record to support such a finding, and it is, therefore, conclusive.

It may be noted that although appellants' main contention is that of insufficiency of the evidence, their short brief contains less than two pages of quoted testimony from the voluminous record in support of their claims; they filed no closing brief.

■ The instructions which are the subject of criticism by appellants have all been most carefully examined; no error on the part of the trial court can be found. The charge to the jury appears to have been both proper and

complete. In fact, each and every claim of appellants has received our attention but we find the record to be singularly free from error of any kind or character.

The judgment for the defendants in the above-entitled causes is, therefore, affirmed.

Shenk, J., Richards, J., Seawell, J., Waste, C. J., Curtis, J., and Langdon, J., concurred.