[Civ. No. 4784. Third Appellate District.—June 6, 1933.]

ALVIN H. CONNOR, Appellant, v. EUGENE F. JOHNSON, Respondent.

450

Ray Manwell for Appellant.

Rich, Weis & Carlin for Respondent.

MILLER, J., *pro tem.*—This is an appeal from a judgment of nonsuit.　　At the outset objection is urged to the consideration of appellant's brief upon the ground that, inasmuch as appellant relies upon a typewritten transcript, and is required by section 953c of the Code of Civil Procedure to print in his brief, or in the printed supplement thereto, sufficient of the record to justify a reversal of the judgment or order appealed from, and, appellant having failed to comply with the requirement, this court should decline to consider the brief of appellant. And while it is true that under the rule and under the circumstances herein related, this court might, with propriety, decline to consider the brief, we have, nevertheless, read the entire record to the end that we may pass upon the merits of the case, it appearing to be a case that should properly be determined upon its merits.

It appears from the record that on September 14, 1931, appellant and respondent were on their way from Marysville to Chico. Before starting on the trip, appellant, who was to be respondent's guest, went to the home of respondent in preparation for the trip. There they each had two highballs composed of whisky and ginger ale. That was the extent of the liquor that appellant had, and that was all the liquor that he saw respondent consume. They left Marysville at between 6 and 6:30 P. M. in respondent's automobile, which respondent was driving. Shortly after

leaving Marysville, appellant noticed that respondent was driving recklessly, was going at about seventy miles an hour, and had a drowsy, groggy appearance, and appellant became satisfied that respondent was intoxicated. Appellant became alarmed, and before they had proceeded a great distance turned off the ignition on respondent's automobile, and when the car came to a stop, respondent got out to see what was the matter with his engine, whereupon appellant moved over into the driver's seat and told respondent that the car was all right, that he had cut off the ignition, whereupon respondent demanded to know what the big idea was, and appellant, not wishing to anger respondent, stated that he had never driven that machine and wanted to operate it, to which respondent consented. As respondent walked around the machine to the right side, he held onto the machine, which apparently prevented him from staggering. For the next twenty-five or thirty minutes appellant drove the automobile, and respondent appeared to be asleep, but, upon awaking he complained of the slowness of the speed at which they were traveling (they were then making forty-five miles an hour), declared they would be late, and that he could coax more miles than that out of the car, and that he would drive his own machine, whereupon appellant, not wishing to start an argument with respondent, who seemed inclined to be quarrelsome, surrendered the wheel and they proceeded on their trip with respondent driving fast, whereupon appellant told him not to drive so fast, and then devoted himself to memorizing a song he was preparing to sing at a meeting the two of them were to attend at Chico, . .en a sudden lurch of the machine attracted appellant's attention, and the car rolled over several times, and both he and the respondent were injured. Appellant brought suit against respondent for the injuries he sustained as the result of the accident. He testified at the time he surrendered the wheel to respondent he thought "he was perfectly all right". But notwithstanding his testimony that he thought that he was "perfectly all right" when he relinquished the wheel to him, he testified, "I would never have got in the car when he took the wheel, only I was under the impression if anything went wrong I could stop the car as I did the first time."

At the time of the accident an eye-witness who rendered assistance to the injured testified that he could not observe any liquor about appellant, whose mind was clear, and who was perfectly sober, but that respondent was dazed, that "it would take him a few minutes to straighten out a sentence so he could word it"; that "he talked sort of insane"; that "he was pretty well liquored up"; that he smelled liquor on him badly; that "he had to be helped as he walked, mostly due to his intoxication", and that in the opinion of the witness, based upon his experience with drunken men, and the actions of respondent, that respondent was under the influence of liquor.

After appellant had been taken from the scene of the accident to a hospital, and at about 7:30 P. M., a Mr. Williams, one of his previous employers, saw him, and testified that respondent was sitting in a chair with the smell of liquor on his breath; that respondent would not allow anybody to help him when he started to walk, and that from the witness' experience in seeing intoxicated people and knowing how they act, and from his observation, that, in his opinion, respondent was under the influence of liquor and intoxicated.

A Mr. Minor, another of his employers, visited respondent at the hospital, and while he found him to be mean, not allowing anybody to touch him, he could not say whether he was drunk or not, although he testified that appellant was sober.

The only question presented by this appeal is as to whether or not the nonsuit was properly granted. Appellant contends that because of the fact he testified that at the time he relinquished the wheel to respondent and got back in the automobile to continue the trip, he thought respondent "was perfectly all right", that there was sufficient evidence to justify the submission of the case to the jury.

Can a reasonable mind, after considering the facts as developed in the plaintiff's case, reach any other conclusion than that the plaintiff knew that defendant was intoxicated at all times after he turned off the ignition and stopped the car?

When the testimony, as a whole, is fairly considered, and not one small isolated portion of it alone considered,

we think that but one conclusion can be reasonably drawn from it. We are equally satisfied that the whole of it must be considered in passing upon a motion for a nonsuit. It is not the duty of a court, in order to reverse a judgment, to scan the testimony of a plaintiff for a few isolated words, to the effect that he thought the defendant was "perfectly all right", which, if that were all the evidence upon the point, would entitle the case to go to the jury, when, if taken with its context, and when considered with other and more detailed testimony by the same witness to the effect that "I would never have got in the car when he took the wheel, only I was under the impression if anything went wrong I could stop the car as I did the first time," it is apparent that a nonsuit was proper.

It is clear that the few isolated words cannot be taken at their face value, but must be qualified by his further testimony to the effect that he would never have gotten in the car when defendant took the wheel, had he not been under the impression that if anything went wrong he could stop the car as he had done before.

It would seem inescapable to an unprejudiced mind that appellant knew full well when he relinquished the wheel to respondent that respondent was in no fit condition to drive an automobile, and yet with that knowledge in his mind he calculated the chances he would be taking if he rode with respondent, and, having weighed the risk, concluded to accept it with the hope that if occasion required him to act for his own safety he could turn off the ignition as he had previously done. In so doing, he was, in our opinion, clearly guilty of contributory negligence, which should defeat a recovery in this case, and that reasonable minds could arrive at no other conclusion. (*Lynn* v. *Goodwin*, 170 Cal. 112, at page 113 [148 Pac. 927, L. R. A. 1915E, 588], and cases there cited; *Jones* v. *Pacific Gas & Elec. Co.*, 104 Cal. App. 47, at page 57 [285 Pac. 709].)

The judgment is affirmed.

Thompson, J., and Pullen, P. J., concurred.