[Civ. No. 11071.   Second Appellate District, Division Two.—September 4, 1936.]

MARGARET HAIGHT, Appellant, v. JOHN WHITE, Respondent.

Charles R. Dyer and Birger Tinglof for Appellant.

Joe Crider, Jr., and Elber H. Tilson for Respondent.

CRAIL, P. J.—This is an appeal from a judgment in favor of defendant notwithstanding the verdict after the

jury had returned a verdict in favor of the plaintiff. The sole question necessary for determination on this appeal is whether the trial court erred in holding the plaintiff guilty of contributory negligence as a matter of law under the facts hereinafter stated.

The defendant and his wife, who was a sister of the plaintiff, were guests of the plaintiff in her home. The defendant became intoxicated and had a family quarrel with his wife, as a result of which the defendant announced to the plaintiff that he was immediately leaving without his wife to go back to his home in Colorado. The defendant's automobile at the time was parked in the driveway of plaintiff's home. The defendant, intoxicated as he was, went out to his automobile, the plaintiff following him. In an endeavor to dissuade him from leaving his wife and also in an effort to protect the defendant from trying to drive his automobile while intoxicated, the plaintiff got into the front seat beside him and endeavored to prevent him from inserting the ignition key. All the time she was attempting to persuade the defendant not to drive away under such circumstances. When she saw that defendant was determined to go and before the car was in motion, the plaintiff requested defendant to let her out of the car and was moving to get out of the automobile before it started. However, the defendant paid no attention to the plaintiff's request and before plaintiff could get out of the car defendant suddenly threw his automobile into motion. Plaintiff continued to importune defendant to stop and let her out, but this the defendant refused to do. The car hit a tree violently before the defendant even reached the highway. At no time did plaintiff intend to go for a ride with defendant or to become an occupant of the car while it was being driven. We have viewed the evidence in the light most favorable to the plaintiff. It is unnecessary for us to restate the rule which· applies when a trial court grants a judgment notwithstanding the verdict.

The defendant contends that "the defendant being intoxicated to the knowledge of plaintiff, it was contributory negligence as a matter of law for her to enter his automobile knowing that he intended forthwith to drive the same". He relies upon *House* v. *Shmelzer*, 3 Cal. App. (2d) 601 [40 Pac. (2d) 577]; *Schneider* v. *Brecht*, 6 Cal. App.

(2d) 379 [44 Pac. (2d) 662]; *Lynn* v. *Goodwin,* 170 Cal. 112 [148 Pac. 927, L. R. A. 1915E, 588]; *Jones* v. *Pacific Gas & Elec. Co.,* 104 Cal. App. 47 [285 Pac. 709]; *Connor* v. *Johnson,* 132 Cal. App. 449 [22 Pac. (2d) 760]; *Hirsch* v. *D'Autremont,* 133 Cal. App. 106 [23 Pac. (2d) 1066].

We see nothing in these cases to change the general rule that contributory negligence is ordinarily a question of fact to be determined by the fact-finder, depending upon all the facts and circumstances in evidence bearing upon the question. ''Contributory negligence is a question of law only when the court is impelled to say that from the facts reasonable men can draw but one inference pointing unerringly to the negligence of the plaintiff contributing to the injury. . . . In all other cases the question of contributory negligence is a question of fact for the jury.'' (*Smellie* v. *Southern Pac. Co.,* 212 Cal. 540 [299 Pac. 529].) The question was, What would an ordinarily prudent person have done in plaintiff's position, seeing what she saw, knowing what she knew, in the light of the circumstances of her situation and affected by the human propensities which ordinarily influence the judgment? (*Lindemann* v. *San Joaquin Cotton Oil Co.,* 5 Cal. (2d) 480 [55 Pac. (2d) 870].) Under the evidence in this case that question was for the jury.

Judgment reversed.

Wood, J., and Gould, J., *pro tem.,* concurred.

A' petition by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on November 2, 1936.