[Civ. No. 12128.   First Dist., Div. One.   Oct. 20, 1942.]

ERA BELL McDOUGALL, Respondent, v. WILLIAM MORRISON, Appellant.

Theodore Tamba for Appellant.

Francis N. Foley for Respondent.

PETERS, P. J.—Plaintiff brought this action to recover for personal injuries alleged to have been received when the automobile in which she was riding collided with that driven by the defendant. The case was tried before the court without a jury, and resulted in a judgment for plaintiff. From that judgment defendant prosecutes this appeal, his sole contention being that, as a matter of law, the evidence shows that plaintiff was guilty of contributory negligence. A reading of the record demonstrates that, on the basic issues of negligence of defendant, contributory negligence of plaintiff, and proximate cause, the evidence is in direct conflict. For that reason the judgment cannot be disturbed.

The accident occurred on a rainy night on December 20, 1940, at about 6:30 p. m. on the El Camino Real in the city of San Mateo. Plaintiff lives on the west side of El Camino Real, about half way between Tilton Avenue to the south, and Mt. Diablo Avenue to the north. The garage connected with plaintiff's home is back a considerable dis-

tance from the highway, and is connected therewith by a driveway. The front of plaintiff's house is bordered by a hedge, and between the curb and the sidewalk is a row of large trees, extending both northerly and southerly from plaintiff's residence. On the night in question, plaintiff's husband, accompanied by plaintiff, drove down the driveway intending to drive north on El Camino Real. According to the evidence produced by plaintiff, her husband stopped their car at the edge of the highway where he had a clear view in both directions. The husband testified that he looked both north and south, and saw the headlights of two approaching vehicles, one from the north, about four or five blocks distant, and the other (defendant's) some five hundred feet away at about Tilton Avenue to the south; that it seemed to him a safe time to come out; that he watched defendant's car at all times; that he proceeded out into the highway in low gear and then changed to second; that he proceeded straight out into the highway, and, when he reached the white line in the center, turned north (the same direction in which defendant was proceeding); that just as he was turning and straightening out his car he noticed how defendant's car was "climbing right up on top of me when my wife hollered how fast he was going"; that defendant was going fifty or sixty miles an hour at the time of the accident. The car of defendant sideswiped that of plaintiff, damaging plaintiff's car on the right side, and causing plaintiff to be thrown to the highway, suffering the serious injuries of which complaint is made. Plaintiff corroborated her husband's testimony in all material respects. The evidence also showed that the highway in front of plaintiff's home is over fifty feet wide; that the accident occurred while plaintiff's car was facing north and straddling the center white line; that no automobiles were parked on the east side of the highway; that there was a clear area on the highway over twenty feet to the right of plaintiff's car. Admittedly, the lights on both plaintiff's and defendant's cars were on. After the accident, defendant's car kept its forward motion and stopped about three hundred feet to the north of the place of collision.

Defendant's testimony, and that of his companion, contradicted that of plaintiff and her husband in material respects. Their testimony was to the effect that they were traveling but thirty miles an hour. Defendant testified that

his headlights illuminated the highway, which was wet, for about one hundred feet, but that he did not see the lights on plaintiff's car until just before the collision, when but about ten or fifteen feet from the point of contact. The brake system on defendant's car was injured as a result of the accident. In an effort to explain why he did not see plaintiff's car he testified that plaintiff's car came out of the driveway on an angle. There was evidence that defendant had been drinking, but no evidence that he was intoxicated.

From this summary of the evidence it is obvious that the material facts are sharply in dispute. All such conflicts, under elementary principles, must be resolved in favor of respondent.

The theory of defendant is, that plaintiff's husband was guilty of contributory negligence, as a matter of law, in failing to yield the right of way, and that such contributory negligence is imputable to plaintiff. Of course, if plaintiff's husband was guilty of contributory negligence proximately causing the accident, such contributory negligence would be imputable to plaintiff so as to bar her recovery. (See cases collected 3 Cal. Jur. (Ten Year Supp.), p. 542, § 52.) ▇ The contention of appellant that he was entitled to the right of way as a matter of law is predicated upon section 553 of the Vehicle Code, which reads as follows: "The driver of a vehicle about to enter or cross a highway from a private road or driveway shall yield the right of way to all vehicles approaching on said highway." It seems to be the theory of defendant that, under this section, in every case a vehicle driving on a highway has the right of way over one proceeding from a driveway, and that, in every such case, regardless of the negligence of the driver proceeding on the highway, the driver proceeding from the driveway is guilty of negligence, as a matter of law, if a collision results. Appellant claims to find support for this startling doctrine in *Uhl* v. *Fertig,* 56 Cal.App. 718 [206 P. 467]; *De La Torre* v. *Johnson,* 203 Cal. 374 [264 P. 485]; *Springer Pacific Fruit Exchange,* 92 Cal.App. 732 [268 P. 951]; *Neilson* v. *Houle,* 200 Cal. 726 [254 P. 891], and *Nix* v. *Woodworth,* 11 Cal.App.2d 322 [53 P.2d 765]. These cases do not stand for the broad rule that one proceeding on a highway has, under all conditions, an uncontrolled and absolute right of way over vehicles proceeding

out of private driveways. Although all of them involved collisions between a vehicle proceeding on a highway and one coming from a private driveway, and all of them held that the person driving from the private driveway was negligent, all but *Uhl* v. *Fertig, supra,* were affirmances. In other words, in all but the last named case, it was held that under the facts there involved the trier of the facts was justified in finding that the person proceeding from the private driveway was guilty of negligence. Most of them indicated that a contrary holding would likewise have been supported. The case of *Uhl* v. *Fertig, supra,* did hold, under the facts there involved, that the person proceeding out of the private driveway was guilty of contributory negligence as a matter of law, and did reverse a judgment for plaintiff. But in that case the plaintiff proceeded out of a blind driveway, without stopping or sounding his horn, at a rapid rate of speed. The court properly held that, under the circumstances, plaintiff was guilty of contributory negligence as a matter of law.

The true rule is that, under the section of the Vehicle Code above quoted, it is made the duty of the driver of an automobile entering the highway from a private drive to look for approaching cars, and not to proceed if one is coming, unless, as a reasonably prudent and cautious person he believes, and has a right to believe, that he can pass in front of the other in safety. (*Wakefield* v. *Horn,* 109 Cal.App. 325 [293 P. 97]; see, also, *Conley* v. *Marvin,* 210 Cal. 330 [291 P. 830]; see cases collected 5 Am. Jur. p. 670, § 306; 24 A.L.R. 946.)

Each case must turn upon its own facts. ▆ Contributory negligence as a matter of law, can only be found where reasonable minds cannot but conclude that a reasonably careful and prudent person situated as was plaintiff would not have acted as he did. The situations where a court will so declare are rare. (*Casselman* v. *Hartford Acc. & I. Co.,* 36 Cal.App.2d 700 [98 P.2d 539]; *Enz* v. *Johns,* 112 Cal.App. 1 [296 P. 115].) If the circumstances are such that reasonable minds can differ, or, if the evidence is in conflict, the finding of the trier of the facts is conclusive.

▆ In the present case, plaintiff's husband stopped before entering the highway. He saw defendant's car nearly five hundred feet away. He knew he had plenty of time to turn into the highway if defendant was proceeding at a

lawful rate. He had a right to assume that defendant was obeying the law. The slightest care on defendant's part would have avoided the accident. If he had been watching the roadway he could not have failed to have observed the glare of plaintiff's lights on the wet highway. He had twenty feet of clear highway to the right of plaintiff's car, and if he had swerved to the right the accident would have been avoided. The trier of the facts was justified in finding that the negligence of the defendant in driving fifty or sixty miles an hour in a residential zone was the proximate cause of the accident. The trier of the facts was also justified in impliedly finding that a reasonable and prudent person situated as was plaintiff's husband would have reasonably believed he had plenty of time to enter the highway. Under such circumstances, the judgment cannot, and should not, be disturbed.

The judgment is affirmed.

Knight, J., and Ward, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied December 17, 1942.