**TALLEY TRANSFER CO. et al. v. CONES.**
No. 11869.

Court of Civil Appeals of Texas.
San Antonio.
Oct. 13, 1948.

Rehearing Denied Nov. 10, 1948.

Eskridge & Groce, of San Antonio, for appellants.

Moursund, Ball, Moursund & Bergstrom, of San Antonio, for appellee.

MURRAY, Justice.

This suit was instituted by Mrs. Jack Cones against Talley Transfer Company, a partnership composed of C. A. Talley and Fretwell Schock, seeking to recover damages for certain alleged personal injuries sustained by her when she was struck by a truck owned by the transfer company and operated by one of its employees. The collision occurred at the intersection of Market Street and South Main Avenue in the City of San Antonio, Texas. Mrs. Cones was a pedestrian at the time and was walking north on the east side of South Main Avenue and across Market Street when she was struck by the truck. The truck was headed in a easterly direction.

The trial was to a jury and resulted in judgment based upon the jury answers to special issues in the sum of $9,078.64, from which judgment Talley Transfer Company has prosecuted this appeal.

Appellants first point is that the court erred in refusing to submit its first requested issue to the jury, inquiring as to whether

or not the failure of appellee to wait until the truck had passed in front of her before proceeding across Market Street, was negligence.

Appellant plead, among other things, that: "as she (Mrs. Cones) proceeded across said street, she did not look to observe vehicles on the street coming from her left. * * * the plaintiff, without keeping a proper lookout and without observing to her left to see if traffic was coming through said street, walked immediately in front of said truck; * * *. They (the transfer company) further say that the plaintiff was negligent in the following particulars: * * *

"(c) In failing to wait until the truck had passed in front of her before proceeding across Market Street."

Thus it is seen that appellant plead that Mrs. Cones did not see the truck approaching her from her left, and there is an absence of allegation that Mrs. Cones could have discovered the approach of the truck other than by keeping a proper lookout.

The evidence shows conclusively that Mrs. Cones never saw the truck that struck her. There were three, and only three, eye witnesses to this accident, who testified: Mrs. Cones, Panfilo Estrada, the driver of the truck, and R. T. Cole, a bystander. Mrs. Cones testified that before attempting to cross Market Street she looked to her left and saw no traffic approaching. She did see some traffic going south on Main Avenue. This was in fact South Main Avenue, but it will simplify matters to refer to this street as Main Avenue. Mrs. Cones had come from the south and was proceeding in a northerly direction along the east side of Main Avenue when she arrived at its intersection with Market Street. She was desirous of continuing her northerly course along the east side of Main Avenue. Having looked and seen no traffic coming toward her from the left she continued her course to just slightly past the center of Market Street, where she looked to her right to see if there was any traffic approaching from that direction—both Main Avenue and Market Street being two-way streets at this point. Just past the center of Mar-

ket Street, she was struck by appellant's truck and injured. She never saw the truck that hit her and had no idea where it came from. Panfilo Estrada, the driver of the truck, testified that he entered Main Avenue from the west, from a street which lies between the Frost Bank and the San Fernando Cathedral. (This street is about one-half of a block north of Market Street.) He then turned to his right on Main Avenue in the direction of Market Street and was attempting to turn to the left and enter Market Street when the left front fender and light struck Mrs. Cones. He said he did not quite complete his turn into Market Street. He showed the traffic investigator where the truck struck Mrs. Cones (showed him the tire marks on the pavement), and by measurement this was three feet north of the center of Market Street, or twenty-two feet from the north curb of Market Street. He testified that he did not see Mrs. Cones until he struck her. The witness R. T. Cole testified that he was seated on a bench in a park near Market Street and saw the collision. He also testified that Mrs. Cones was struck near the center of Market Street. He said Mrs. Cones was not looking to her left or right as she was crossing the street.

"Q. Now, just go ahead and tell us what the lady did. A. She stepped off the curb, and to my knowledge she did not look either way. I don't remember seeing her look either way. And she walked out in the line of traffic and stepped in front of the truck, and just as the truck hit her the truck stopped. * * *

"Q. What part of Market Street was she in with reference to whether she was on the south side, north side or the center of the street? A. She was approximately in the center of the street."

Thus, from all the witnesses, it appears that Mrs. Cones was struck after she had passed the center of Market Street, by a truck that was making a left turn into Market Street, and at least the part of the truck which struck Mrs. Cones was on the left-hand, or its wrong side of the street, and that she never saw the truck. Appellant's pleadings are to the effect that Mrs.

Cones did not see the truck that struck her, as heretofore shown.

■■ Mrs. Cones could not be negligent in simply failing to wait and let a truck pass in front of her when she had never seen the truck. She might be guilty of negligence in not keeping a proper lookout, but that is a different matter. She was not required to anticipate that a truck would be making a left turn into Market Street, or approaching her from the left, partly upon the wrong side of the street. Jennison v. Darnielle, Tex.Civ. App., 146 S.W.2d 788. She had entered the intersection and proceeded safely to just past the center of the street, where she had a right to be and to believe she was safe from traffic approaching from her left. We are aware of the rule that requires a pedestrian, while crossing a street, to keep a lookout in all directions for traffic approaching, but this rule does not require a pedestrian to look in two directions at the same moment. She had looked, momentarily, to her right to ascertain whether she was in any danger from traffic approaching from the east when she was struck down by a truck driven in a part of the street where it had no right to be. Jennison v. Darnielle, supra; Morgan v. Domino, La. App., 166 So. 208; O'Shea v. Pattison-Mc-Groth Dental Supplies, 352 Mo. 855, 180 S.W.2d 19; Van Antwerp v. Smith, 39 Cal.App.2d 458, 103 P.2d 446; Sadak v. Tucker, 310 Mass. 153, 37 N.E.2d 495.

■ The burden was upon appellant to both plead and establish by a preponderance of the evidence that Mrs. Cones was negligent in not waiting until the truck had passed before attempting to complete her journey across the street. Before she could be negligent in this particular it would have to be shown that she knew the truck was approaching her on its wrong side of the street, or by the use of ordinary care should have known such fact. The evidence shows affirmatively that she was unaware of the approach of the truck, and appellant's pleadings are to the same effect. 30 Tex.Jur. 761, § 94. It may be contended that Mrs. Cones by the use of ordinary care should have known of the approach of the truck. The only care she could have used to learn of the approach of the truck was to have kept a proper lookout, and this question was submitted to the jury by issue No. 13. The driver of the truck did not sound his horn or warn Mrs. Cones in any other manner. There is no contention that the truck was making such noise as should have been heard by her.

■ If it was contended by appellant that there was some evidence that Mrs. Cones knew of the approach of the truck, then its issue was defective in not including this matter in the issue, or in a separate issue inquiring about the matter. The burden was upon appellant to present a substantially correct requested issue. Rule 279, Texas Rules Civil Procedure. The provision in part is: "Failure to submit an issue shall not be deemed a ground for reversal of the judgment, unless its submission, in substantially correct wording, has been requested in writing," etc.

■ It is true that the witness Cole testified that there was an automobile preceding the truck only six or eight feet and that appellee stepped in front of the truck and was struck. This is so contrary to the physical facts, as testified to by appellant's truck driver and as found by the traffic investigator, as to be without probative force. Appellee was struck by the left light and fender of the truck, which demonstrates that she had either walked practically the width of the truck before being struck, or that the truck was making a left turn when it struck her. If there was a space of only six or eight feet between the two moving vehicles she could not have possibly walked this distance before being struck. Where testimony is contrary to the undisputed physical facts it will not raise the issue of contributory negligence. Volume 10 (part 2) Blashfield's Cyclopedia of Automobile Law and Practice, § 6626, page 50.

What is said in Volume 2, Blashfield's Cyclopedia of Automobile Law and Practice, § 1391, page 443, might well be repeated here:

"In its (contributory negligence) application to the relation of the motorist and the pedestrian, there are particular reasons for a tendency to modify the doctrine.

Theoretically entitled to equal rights in the highway with the motorist, the pedestrian, because of the unequal conditions under which they meet, can only exercise such right at the whim or caprice of the motorist.

"The instinct of self-preservation, which now as always can be relied on in most cases to make the pedestrian cautious, operates not at all with motorists so far as the pedestrian is concerned. The scales will hang more evenly as between these two classes of travelers if the doctrine of contributory negligence, if not entirely abolished, shall be restricted in its application as to the pedestrian, at least to the extent that his mere failure to guard against the negligence of the operator of a motor vehicle shall not be counted against him as negligence, and, to make the latter absolutely responsible so far as his own negligence places the pedestrian in peril will, it is believed, sensibly diminish the number of automobile accidents."

We overrule appellant's first point.

Appellant's other requested issues were subsidiary to its first requested issue and therefore there was no error in refusing them.

The jury found, in response to question No. 13, that Mrs. Jack Cones failed to keep such a lookout for vehicles approaching from her left immediately before the occurrence of the accident as a person of ordinary prudence would have kept under the same or similar circumstances, but, in answer to question No. 14, found that such failure was not a proximate cause of the collision. Appellant contends that this last answer was so contrary to and against the great weight of the evidence as to require the verdict to be set aside. We overrule this contention. Just why the jury found as they did no one can say. They may have concluded that if Mrs. Cones had looked she could not have foreseen that the truck would have "cut the corner" and turned into her while she was standing past the center of Market Street. They may have concluded that she could not have foreseen that the truck would not pass to the right of her as there was apparently plenty of room for it to do so.

They may have concluded that the truck was on the wrong side of Main Avenue just before attempting to turn into Market Street, as testified to by Estrada, the driver of the truck, and that she would not have seen it by looking to her left. Regardless of how the jury arrived at its "No" answer to question No. 14, there were many facts and circumstances which justified them in doing so and their answer was not contrary to and against the great weight of the evidence.

The judgment is affirmed.