[Civ. No. 17034. Second Dist., Div. Two. Nov. 18, 1949.]

MARLENE BRODERICK, a Minor, etc., Appellant, v. DOYLE L. SUTHERLAND et al., Respondents.

Daniel Schnabel and Royal M. Galvin for Appellant.

Parker, Stanbury & Reese and White McGee, Jr., for Respondents.

McCOMB, J.—From an order granting defendants' motion for a new trial after a jury had returned a verdict in favor of plaintiff for the sum of $3,500 in an action to recover damages for personal injuries, plaintiff appeals.

FACTS: On November 16, 1948, the clerk in the trial court entered the following minute order:

"Come now the parties by their respective counsel, Royal M. Galvin for the plaintiff, and Parker, Stanbury & Reese by White McGee, Jr., for the defendants, and the defendants move the court for a new trial herein, upon the grounds stated in the notice of intention to move for a new trial, filed herein. After argument by Counsel, the Court rules as follows: If consent for reduction of judgment to $2,000.00 is not filed within ten days, motion for a new trial is granted on the ground of the insufficiency of the evidence to sustain the verdict; otherwise the motion will be denied."

On December 15, 1948, another minute order was entered, reading as follows:

"It is ordered that the minute order of November 10, 1948 be corrected nunc pro tunc as of November 10, 1948 by changing the words 'Will Be' to 'Is', so the minute order will read as follows: If consent for reduction of judgment to $2,000.00 is not filed within ten days, motion for a new trial is granted on the ground of the insufficiency of the evidence to sustain the verdict; otherwise the motion is denied."

QUESTIONS: First: *Since the trial court, in granting the motion for a new trial on the ground of the insufficiency of the evidence to sustain the verdict, did not so specify by giving the clerk a written order, was the minute order of November 16, 1948, ineffectual as contrary to the provisions of section 657 of the Code of Civil Procedure?*

This question must be answered in the negative. Plaintiff in contending that the minute order was ineffectual because the trial court did not, by a written order, direct the clerk to enter a minute order granting a new trial on the insufficiency of the evidence, relies on *Thomas* v. *Driscoll* (1940), 42 Cal. App.2d 23, 26 et seq. [108 P.2d 43], and *Whitley* v. *Superior Court* (1941), 18 Cal.2d 75, 82 [113 P.2d 449], which cases sustain plaintiff's contention. However these cases, so far as this point is concerned, were overruled by the Supreme Court in the case of *Dempsey* v. *Market Street Ry. Co.* (1943), 23 Cal.2d 110, 115 et seq. [142 P.2d 929]. (See, also, *Cox* v. *Tyrone Power Enterprises Inc.* (1942), 49 Cal.App.2d 383,

391 [121 P.2d 829]; *Gossman* v. *Gossman* (1942), 52 Cal. App.2d 184, 188 [126 P.2d 178].) It is now the law that under section 657, Code of Civil Procedure, it is immaterial whether a trial court, granting a new trial for insufficiency of the evidence, employs a minute order or a separate formal order so long as the written record is made within the time limited by the code section.

Second: *Did the trial court abuse its discretion in granting the motion for a new trial on the ground of the insufficiency of the evidence?*

This question must also be answered in the negative, and is governed by these rules:

 (1) An order granting a new trial on the ground of insufficiency of the evidence to sustain the judgment will not be disturbed on appeal unless there is a showing of abuse of the trial court's discretion. (*Williams* v. *Field Transportation Co.*, 28 Cal.2d 696, 698 [171 P.2d 722].)

 (2) In considering the sufficiency of the evidence on a motion for a new trial, even if the evidence is uncontradicted, the trial judge may draw inferences from it contrary to those made by the jury, and it is the trial judge's duty to resolve such conflicts in determining whether the issue should be retried. (*Williams* v. *Field Transportation Co., supra.*)

 In the present case plaintiff was injured when struck by an automobile driven by defendant Doyle L. Sutherland and owned by the other defendant. The jury rendered a verdict for plaintiff in the sum of $3,500. Dr. Evans, called as a witness by defendants, testified that he had examined plaintiff and that he could find no complaints referable to the injury which she had received; that his examination included neurological tests which were negative; and that in his opinion plaintiff did not sustain a concussion, and there was no reason why plaintiff should have stayed in bed longer than a week or two or remained away from school for a longer period. This testimony, being contrary to evidence given by plaintiff, raised a conflict in the evidence, the determination of which lay in the sound discretion of the trial judge whose duty it was to determine whether or not such evidence sustained the verdict which the jury had returned. If the trial judge believed Dr. Evans' testimony, as we must assume he did, then the verdict of the jury was excessive and the verdict was not sustained by the evidence.

The order is affirmed.

Moore, P. J., and Wilson, J., concurred.