[Civ. No. 18975. Second Dist., Div. Two. Dec. 15, 1952.]

Estate of IDELL ELLIOT, Deceased. PAUL FOURNIER et al., Respondents, v. EMMA S. CLAUSON, Appellant.

Lee Combs for Appellant.

Watkins & Charlton and Albert E. Wheatcroft for Respondents.

McCOMB, J.—This is an appeal by a contestant (hereinafter referred to as appellant) from an order granting a new trial on the grounds of insufficiency of the evidence after a jury returned a verdict in favor of appellant setting aside a will of Idell Elliot, deceased, on the grounds of (1) unsoundness of mind of the testatrix and (2) that decedent was motivated by undue influence at the time she executed the will.

*Facts:* Viewing the evidence in the light most favorable to respondents (proponents of the will) and pursuant to the rules set forth in *Estate of Isenberg,* 63 Cal.App.2d 214, 216 [146 P.2d 424], the record discloses that decedent was between 90 and 95 years of age; on January 14, 1946, she executed a will naming appellant as her principal beneficiary; later, on August 14, 1950, she executed another will revoking her previous will and naming respondents as the principal beneficiaries of her bounty.

Question: *Did the trial court commit prejudicial error in granting a motion for a new trial on the ground of the insufficiency of the evidence to sustain the jury's findings that decedent was (1) of unsound mind and (2) operating under undue influence at the time she executed the will of August 14, 1950?*

*No.* The following rules are pertinent:

█ (1) In passing on a motion for a new trial made on the ground of the insufficiency of the evidence to sustain the verdict, it is the duty of the trial judge to review all the evidence, weigh its sufficiency and judge the credibility of the witnesses. He is at liberty to disregard the findings of the jury which are implied from the verdict. He functions as a thirteenth juror. (*Fisher* v. *Zimmerman,* 23 Cal.App.2d 696, 700 [2] [73 P.2d 1243]; *Estate of Phillipi,* 76 Cal.App.2d 100, 103 [3] [172 P.2d 377]; *Broderick* v. *Sutherland,* 94 Cal.App.2d 694, 696 [3] [211 P.2d 364]. *Cf.* 4 Cal.Jur.2d (1952) Appeal and Error, § 598, p. 476.)

█ (2) In passing upon the propriety of an order granting a new trial on the ground of the insufficiency of the

evidence, the test is whether or not there is any evidence that would legally substantiate and uphold the verdict for the moving party had the jury decided for him. Measured by this test the only question for an appellate court to decide is whether the trial court abused its discretionary powers. (*Van Antwerp* v. *Smith,* 39 Cal.App.2d 458, 459 [1] et seq. [103 P.2d 446].)

 (3) Testamentary capacity exists if at the time of the execution of a will the testatrix is possessed of sufficient mental capacity to understand her act, to understand and recall the nature and situation of her property, and to remember and understand her relations to persons who have claims upon her bounty and whose interests are affected by the provisions of the instrument. (*Estate of Russell,* 80 Cal. App.2 711, 719 [6] [182 P.2d 318].)

 In the present case the evidence discloses that testatrix executed the will in question in the presence of her attorney and his office secretary, both of whom testified that decedent when she executed the will was, in their opinion, (a) of sound and disposing mind and (b) not acting under fraud or undue influence of any person or persons.

Therefore applying the above stated rules, there is no question there was substantial evidence to have sustained a finding that testatrix was of sound and disposing mind and not acting under fraud or undue influence at the time she executed her will.

Other testimony introduced by appellant which might support a contrary conclusion must be disregarded by this court under rule (2), *supra.* No useful purpose would be served by setting out conflicting and contrary testimony.

Affirmed.

Moore, P. J., and Fox, J., concurred.