[Civ. No. 4677.   Fourth Dist.   Mar. 26, 1954.]

SYBIL DICKISON et al., Respondents, v. WILLIAM PAUL LaTHORPE, Appellant.

Hansen & Barstow, J. C. Hammel and Harold V. Thompson for Appellant.

H. A. Savage and Stutsman, Hackett & Nagel for Respondents.

MUSSELL, J.—This is an action for damages for personal injuries sustained in an automobile collision. Defendant answered and filed a cross-complaint for damages to his auto-

mobile. A jury trial resulted in a verdict against the plaintiffs on their complaint and against the defendant on his cross-complaint. Judgment was entered in accordance with the verdict of the jury and plaintiffs thereafter moved for a new trial for the following causes:

(1) Irregularity in the proceedings of the court and jury and abuse of discretion by the court by which these plaintiffs and cross-defendants were prevented from having a fair trial.

(2) Misconduct of the jury.

(3) Accident and surprise which ordinary prudence could not have guarded against.

(4) Newly discovered evidence material to these plaintiffs and cross-defendants which they could not, with reasonable diligence, have discovered and produced at the trial.

(5) Insufficiency of the evidence to justify the verdict.

(6) Errors in law occurring at the trial and excepted to by these plaintiffs and cross-defendants.

The trial court granted the motion on the grounds set forth therein and including the insufficiency of the evidence to justify the verdict. Defendant appeals from the order granting the new trial asserting that the evidence demonstrates that plaintiff Sybil Dickison was guilty of negligence as a matter of law and that since there was no substantial evidence to support a verdict for plaintiffs, the order granting a new trial must be reversed.

The accident occurred at approximately 7:45 a.m., November 28, 1949, on Highway 99 near Kingsburg in Fresno County. Heavy fog limited visibility to a distance of from 50 to 75 feet. Plaintiff Sybil Dickison drove a Chevrolet automobile, with lights on and windshield wiper working, in an easterly direction along an east-west private roadway to its intersection with Highway 99, which, at that point, runs north and south. She stopped at the entrance to the highway, then having ascertained that it was safe to cross the southbound lanes, proceeded easterly to the traffic island which separated the north and south traffic lanes. The distance between the north and south traffic lanes on the highway at this point was approximately 37½ feet. Plaintiff again stopped before proceeding across the northbound traffic lanes, rolled down the right window of her car, and while looking to the right for northbound traffic, proceeded across the highway at a speed of approximately 5 to 10 miles per hour. When the front bumper of her car was near the center white line dividing the northbound traffic lanes, she turned to look straight ahead and was struck

by defendant's northbound automobile. Plaintiff did not see defendant's car at any time before the impact.

Defendant was traveling north in the right lane of Highway 99 at a speed which he stated could have been 45, 55, or more miles per hour and which was stated by one of the witnesses to have been "60 or better." Defendant estimated the visibility as about 30 to 40 feet in the fog. He stated that when he first saw plaintiff's car, it was approximately 30 feet away; that he put on his brakes but was unable to stop and that the point of impact was in the east lane of the highway. The evidence shows that the defendant's car left 45 feet of skid marks leading up to the point of impact.

Defendant first asserts that the evidence shows that plaintiff Sybil Dickison was guilty of negligence as a matter of law. This contention lacks merit. ██ As was said in *McDougall* v. *Morrison*, 55 Cal.App.2d 92, 96 [130 P.2d 149]:

"Contributory negligence as a matter of law, can only be found where reasonable minds cannot but conclude that a reasonably careful and prudent person situated as was plaintiff would not have acted as he did. The situations where a court will so declare are rare. (*Casselman* v. *Hartford Acc. & I. Co.*, 36 Cal.App. 700 [98 P.2d 539]; *Enz* v. *Johns*, 112 Cal.App. 1 [296 P. 115].) ██ If the circumstances are such that reasonable minds can differ, or, if the evidence is in conflict, the finding of the trier of the facts is conclusive."

In *Page* v. *Cudahy Packing Co.*, 31 Cal.App.2d 282, 288 [87 P.2d 913], it is said:

"Contributory negligence is ordinarily a question of fact for the determination of the jury. It becomes a question of law only when the undisputed facts, viewed in the light of common knowledge and experience clearly indicate that the plaintiff failed to use that degree of care which an ordinarily prudent person would be bound to exercise under similar circumstances. (*Gleason* v. *Fire Protection Engineering Co.*, 127 Cal.App. 754, 756 [16 P.2d 750].) In *Haight* v. *White*, 16 Cal.App.2d 426 [60 P.2d 548], it is said in that regard:

" 'Contributory negligence is a question of law only when the court is impelled to say that from the facts reasonable men can draw but one inference pointing unerringly to the negligence of the plaintiff contributing to the injury. In all other cases the question of contributory negligence is a question of fact for the jury.' "

As was said in *Dennis* v. *Gonzales,* 91 Cal.App.2d 203, 207 [205 P.2d 55]:

"Whether the established facts constitute contributory negligence as a matter of law may not be easily determined. Their solution depends upon 'the existing circumstances in each particular case.'"

Under section 553 of the Vehicle Code it is the duty of a driver of an automobile entering the highway from a private driveway to look for approaching cars and not to proceed if one is coming, unless, as a reasonably prudent and cautious person he believes, and has the right to believe that he can pass in front of the other in safety. (*McDougall* v. *Morrison, supra,* 96.)

In the instant case, plaintiff Sybil Dickison stopped before entering the highway. When she reached the center island, she again stopped, lowered her right window and looked to the right before starting across the northbound traffic lanes. She saw no car approaching and proceeded across, looking to her right until approximately half way across the northbound traffic lane. Defendant was driving at a high rate of speed, with visibility of 50 to 75 feet. Admittedly, he was negligent and no claim is made by appellant that the evidence did not support the finding of negligence on his part.

The evidence shows that plaintiff Sybil Dickison was mistaken as to her ability to safely cross the highway. However, it was said in *Malinson* v. *Black,* 83 Cal.App.2d 375, 378 [188 P.2d 788], that every mistake of judgment is not negligence, for mistakes are made even in the exercise of ordinary care, and whether such mistakes of judgment constitute negligence, is a question of fact. Under the circumstances shown, we cannot hold that plaintiff Sybil Dickison was guilty of negligence as a matter of law or that the evidence would not support a judgment in her favor.

A new trial was granted on the grounds, among others, that the evidence was insufficient to justify the verdict. As was said in *Estate of Elliot,* 114 Cal.App.2d 747, 748-749 [250 P.2d 684]:

"The following rules are pertinent:

"(1) In passing on a motion for a new trial made on the ground of the insufficiency of the evidence to sustain the verdict, it is the duty of the trial judge to review all the evidence, weigh its sufficiency and judge the credibility of the witnesses. He is at liberty to disregard the findings of

the jury which are implied from the verdict. He functions as a thirteenth juror. (*Fisher* v. *Zimmerman,* 23 Cal.App. 2d 696, 700 [2] [73 P.2d 1243]; *Estate of Phillipi,* 76 Cal. App.2d 100, 103 [3] [172 P.2d 377]; *Broderick* v. *Sutherland,* 94 Cal.App.2d 694, 696 [3] [211 P.2d 364]. *Cf.* 4 Cal. Jur.2d (1952), Appeal and Error, § 598, p. 476.)

■ "(2) In passing upon the propriety of an order granting a new trial on the ground of the insufficiency of the evidence, the test is whether or not there is any evidence that would legally substantiate and uphold the verdict for the moving party had the jury decided for him. Measured by this test the only question for an appellate court to decide is whether the trial court abused its discretionary powers. (*Van Antwerp* v. *Smith,* 39 Cal.App.2d 458, 459 [1] et seq. [103 P.2d 446].)"

We conclude that the trial court did not abuse its discretion in granting the motion for a new trial on this ground alone and since we have reached this conclusion, it is unnecessary to determine whether the motion should have been granted on the other grounds urged.

The order granting a new trial is affirmed.

Barnard, P. J., and Griffin, J., concurred.